## Fairfax

K & L TRUCKING CO., INC., et al.

v.

ALBERT FRANK THURBER

No. 0110-84

Argued May 31, 1985

Decided November 19, 1985

Counsel

Joseph C. Veith, III (Macleay, Lynch, Bernhard & Gregg, on brief), for appellants.

Albert F. Thurber, *pro se.*

Opinion

**BAKER, J.**—K & L Trucking Co., Inc. and its compensation carrier, Fireman's Fund Insurance Co. (collectively, employer), appeal from the November 19, 1984, decision of the Industrial Commission of Virginia (Commission), which restored worker's compensation benefits to Albert Frank Thurber (claimant). The Commission's decision affirmed a May 17, 1984, deputy commissioner's decision awarding temporary total benefits to claimant for the period January 31, 1984 through March 11, 1984, and temporary partial benefits from March 11, 1984, and thereafter until modified.

On appeal, employer asserts two issues: (1) whether, in light of a previous Commission decision in this matter, the Commission erred under the principles of *res judicata* when it considered evidence and ruled in claimant's favor; and (2) whether sufficient evidence existed to support the Commission's conclusions.

Claimant injured his back on September 13, 1982, in the course of his employment as a truck driver. Employer accepted liability and began compensation on September 21, 1982, which the Commission approved in a December 16, 1982 award.

In February, 1983, employer hired Central Rehabilitation Associates, Inc. (CRA), to locate selective employment for claimant. CRA began working with claimant on February 19, 1983.

In April, 1983, CRA procured for claimant a job with Ultra Seal Rustproofing Company; however, within three weeks claimant aggravated his back injuries on that job. It was then apparent that the job did not suit claimant's physical capacity. Claimant quit the job and CRA resumed its search for selective employment.

After being told by a friend of a possible job opportunity with Adams and Associates Travel Agency (Adams), on August 29, 1983, claimant interviewed with Adams concerning work as a courier. Adams hired claimant for the courier job commencing September 2, 1983. CRA compiled a job analysis and obtained approval of the job from claimant's doctor.

When he started work, claimant's supervisor instructed him to contact her if he could not work on any particular day. During the weekend of October 22 and 23, 1983, claimant's back injuries flared up and he missed a week of work, beginning Monday, October 24, 1983. Claimant failed to contact his supervisor to explain his absence until Wednesday, October 26, 1983. When he reported to work on Monday, October 31, 1983, claimant was dismissed from employment for failure to call in the previous Monday and Tuesday.

Upon commencing work at Adams, claimant's compensation benefits were reduced by employer in an amount equal to his wages there. This reduction was approved by the Commission on October 21, 1983. Claimant, by counsel, filed a hearing application on November 10, 1983, seeking reinstatement of temporary total benefits as of October 31, 1983. He alleged a change of condition, in that "[t]he claimant was laid-off selective employment effective October 31, 1983."

Employer defended the claim, asserting that because claimant was dismissed for cause from selective employment, he was disqualified from receiving the benefits sought.

On December 15, 1983, a hearing was held before Deputy Commissioner Colville, and on January 9, 1984, she issued an opinion ruling that claimant failed to carry his burden of proof and said:

> [T]he claimant was given selective employment suitable to his capacity and that he would have remained on that job but for his termination on October 31, 1983 which was as far as we can see, not related to absenteeism which may well have been related to the injury, but rather, was attributed to a failure to take the elementary steps of calling the employer and promptly notifying of an inability to perform, a reason unrelated to his injury.

* * *

[W]here selective employment would have continued had the claimant not bee (sic) discharged for reasons other than his physical condition, further compensation is denied.

* * *

[W]e cannot find that the claimant has met his burden of providing (sic) a change in condition with no additional entitlement to compensation benefit (sic) given his discharge for cause.

Claimant, although represented by counsel, did not assert before Deputy Commissioner Colville that he alone procured the selective employment; nor did claimant produce medical verification of his late October back injury complications.

On January 30, 1984, employer suspended claimant's temporary partial benefits, and on February 14, 1984, filed a hearing application thereon, relying upon Colville's findings. A deputy commissioner's hearing was held April 12, 1984. Claimant, *pro se*, defended, and at the hearing requested that temporary total benefits be restored as of January 31, 1984, through March 8, 1984, the date claimant was permitted to testify that he began work as a gasoline station attendant. He was also permitted to ask for temporary partial benefits for the period following March 8, 1984.

Only claimant testified at the second hearing, this time before Deputy Commissioner Tarr. Over employer's objection, claimant related that he procured the job at Adams and produced medical records documenting his late October, 1983 back problems. Tarr noted Colville's decision, and indicated that he would consider only the termination of benefits subsequent to January 30, 1984.

On May 17, 1984, Tarr issued his decision which restored compensation benefits to claimant. In so doing, Tarr found that no evidence before Colville revealed how claimant obtained the Adams job; that claimant himself procured the job; and that claimant's dismissal for cause, therefore, could not be used as a basis to terminate his benefits.

Employer sought full Commission review, and on November 19, 1984, Tarr's decision was affirmed. In its written opinion, the Commission ruled that claimant, not employer, had procured the

Adams job; that claimant was dismissed for his failure to report to work on October 24, 1983; and that the medical records now produced by claimant were sufficient to show that claimant's failure to report to work was injury-related. Therefore, the Commission concluded, employer would not be permitted to terminate claimant's benefits.

The December 15, 1983 hearing, held before Deputy Commissioner Colville, resulted in the January 9, 1984 decision denying to claimant restoration of his temporary total benefits. At that hearing, claimant could have presented evidence that he alone procured the selective employment from which he was discharged, and he was given ample opportunity to assert that his physical incapacity prevented him from attending work on the days that he failed to appear. Although relevant facts were within claimant's knowledge at the time of the hearing, neither he nor his attorney tendered the information to the deputy commissioner; nor did claimant seek full Commission review of Colville's January 9, 1984 decision.

Code § 65.1-96(A) provides that a deputy commissioner may hear the parties at issue, their witnesses and representatives, and then decide the issues in a summary manner and make an award to carry out the decision. Code § 65.1-97 permits a party to apply, within twenty days of such award, to the full Commission for a review of the deputy commissioner's decision. The Commission either reviews the evidence or hears the parties' witnesses and representatives, and makes such award as it deems appropriate.

If the application for a review is not made within the twenty day limitation period, in the absence of fraud or mistake, the Commission has no authority to review the matter and consider evidence which could have been tendered at the prior hearing. *See Harris* v. *Diamond Construction Co.*, 184 Va. 711, 717, 36 S.E.2d 573, 576 (1946). However, as stated in *Harris*, if the application is to vacate an award on the ground of fraud or mistake, the Commission retains authority to act upon any relevant evidence offered in support thereof. *Id.* at 721, 36 S.E.2d at 578.

In this matter, claimant's defense to employer's petition to terminate temporary partial benefits amounted to nothing other than a request for review of Deputy Commissioner Colville's findings for the purpose of introducing evidence which could have been,

but was not, presented at the December 15, 1983 hearing. Since this obvious request for review occurred more than twenty days after Colville's January 9, 1984 decision, neither Deputy Commissioner Tarr nor the Commission had authority to consider evidence whether claimant was discharged for cause or whether he or employer had obtained the selective employment. *See Harris* v. *Diamond Construction Co.*, 184 Va. at 717, 36 S.E.2d at 576; *Merrimac Anthracite Coal Corp.* v. *Showalter*, 158 Va. 227, 229, 163 S.E. 73 (1932); Code § 65.1-98.

■ Employer raises the issue whether principles of *res judicata* apply to Commission decisions. We hold that in a proper case such principles may be applied. Absent the fraud or mistake discussed in *Harris*, the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission. Unless otherwise prescribed by statute, the relationship of the Commission to an award is that of a court to a judgment during the term at which it is rendered. *See Old Dominion Land Co.* v. *Messick*, 149 Va. 330, 334, 141 S.E. 132, 133 (1928); *American Mutual Liability Insurance Co.* v. *Hamilton*, 145 Va. 391, 398, 135 S.E. 21, 23 (1926).

■ In *Bates* v. *Devers*, 214 Va. 667, 202 S.E.2d 917 (1974), the Virginia Supreme Court thoroughly discussed the history and meaning of *res judicata* pleas. The Court noted that *res judicata* is a judicially created doctrine resting upon public policy considerations which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties. *Id.* at 670, 202 S.E.2d at 920. The Court stated further that the doctrine is firmly established in our jurisprudence and should be maintained where applicable. *Id.*

■ Of the four preclusive effects[1] encompassed within the doctrine, the Court noted that *res judicata-bar* is the one usually associated with use of the term *res judicata*. That preclusive effect is applied where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the *same cause of action*, or any part thereof which could have been litigated between the same parties and their privies. *Id.* at 670-71, 202 S.E.2d at 920-21; *and see Doummar* v. *Doummar*,

---

[1] In *Bates*, the Court identified the four distinct forms of preclusive effects: "merger," "direct estoppel," "bar," and "collateral estoppel."

210 Va. 189, 191, 169 S.E.2d 454, 455 (1969).

The Court in *Bates* defined "cause of action" for *res judicata* purposes as an assertion of particular legal rights which have arisen out of a definable factual transaction. *Bates* v. *Devers*, 214 Va. at 672 n.8, 202 S.E.2d at 921 n.8. A contested matter before the Commission is such a cause of action.

The proceeding before Deputy Commissioner Colville litigated the same cause as that litigated in the instant proceeding: the establishment of claimant's continued entitlement to worker's compensation benefits following his dismissal from selective employment. Colville determined that claimant's dismissal was due to his failure to call in and report his incapacity, and was not due to the incapacity itself. Claimant failed to assert in that proceeding that he, not employer, procured the selective employment even though he could have litigated that factual issue. Claimant did not seek review of Colville's decision, and it thereafter became binding upon him. Therefore, the preclusive effect of *res judicata-bar* operated to prevent claimant from subsequently litigating the two issues against employer, and it was error for the Commission to consider evidence thereon.

Our decision in this matter is limited to the issue whether the Commission should have considered evidence as to who procured claimant's selective employment, and the cause for his dismissal. Upon proper application, the Commission may restore benefits to claimant based upon his procurement of selective employment subsequent to his loss of the Adams job.

■ When compensation benefits are terminated pursuant to the provisions of Code § 65.1-63, based upon a claimant's unreasonable refusal to accept selective employment, benefits may be resumed when the claimant ceases his refusal. We make no distinction between a claimant's entitlement to resumption of benefits upon obtaining other selective employment after having refused to accept a prior offer of selective employment, and such an entitlement following a discharge for cause.

The decisions in *Goodyear Tire & Rubber Co.* v. *Watson*, 219 Va. 830, 252 S.E.2d 310 (1979), and *Marval Poultry Co.* v. *Johnson*, 224 Va. 597, 299 S.E.2d 343 (1983), do not prevent this result. In each of these cases, the Supreme Court upheld a termina-

tion of worker's compensation benefits following a claimant's discharge for cause from selective employment procured for him by his employer. Neither case stands for the proposition that benefits will not be restored when a claimant thereafter procures selective employment.

However, our review of this record reveals that at no time prior to the April 12, 1984, hearing before Deputy Commissioner Tarr, did employer receive notice that claimant would request temporary partial benefits based upon his March 8, 1984, employment in a gasoline service station. Parties simply cannot fairly litigate issues unless they receive proper notice of said issues before they enter the hearing room.

Therefore, we do not decide here whether claimant is entitled to a restoration of benefits based upon his procurement of employment in a gasoline service station. Should claimant desire such relief, he may properly apply to the Commission. Employer will thereby receive timely notice of any hearing upon the matter and be able to present its defense, if any there be, to the claim asserted.

Accordingly, the November 19, 1984, Commission decision appealed from is reversed, and this cause remanded to the Commission for further proceedings in accordance herewith.

*Reversed and remanded.*

Koontz, C.J., and Keenan, J., concurred.