COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WILLIAM WAYNE WIMER, SR.

v.   Record No. 2087-95-2                MEMORANDUM OPINION[*]
                                            PER CURIAM
S. T. WOOTEN CONSTRUCTION COMPANY           MARCH 5, 1996
AND
ST. PAUL MERCURY INSURANCE COMPANY


                         FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Brian J. Cuscé, on brief), for appellant.

          (Glenn S. Phelps; R. Ferrell Newman;
          Thompson, Smithers, Newman & Wade, on
          brief), for appellees.


     William W. Wimer, Sr., contends that the Workers'

Compensation Commission erred in (1) finding that res judicata

barred the commission from considering his application filed

December 30, 1991; (2) finding that the doctrine of imposition

did not apply; and (3) in failing to correct a procedural mistake

so that permanent partial disability benefits were payable after

the payment of temporary total disability benefits as required by

statute.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On January 17, 1990, Wimer sustained an injury by accident

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to his right knee arising out of and in the course of his employment. On December 30, 1991, Wimer filed an application seeking an award of medical benefits and temporary total disability benefits beginning June 1, 1990. Employer accepted Wimer's claim as compensable. Noting that the parties had resolved the matter in controversy by Memorandum of Agreement, Deputy Commissioner Hayes removed the claim from the hearing docket. The parties then filed a Memorandum of Agreement with the commission for payment of medical benefits and permanent partial disability of 8.5 weeks. On April 16, 1992, the commission entered an award consistent with the Memorandum of Agreement. A month later, the parties submitted a signed Agreed Statement of Fact to the commission. The Agreed Statement of Fact indicated that employer agreed to pay Wimer permanent partial disability from February 12, 1992 through April 12, 1992, and temporary total disability benefits from January 3, 1992 through April 29, 1992, and that Wimer was able to return to his pre-injury work on April 30, 1992. On May 27, 1992, the commission entered an award memorializing this agreement.

Two months after that award, Wimer filed a second application, seeking temporary total disability benefits from June 1, 1990 through January 3, 1992. Treating Wimer's claim as a change in condition application, the deputy commissioner held that Rule 13 of the Rules of the Workers' Compensation Commission barred the commission from awarding benefits to Wimer. Wimer did

2

not timely file a request for review from this decision, and therefore, it became final.

On January 5, 1993, Wimer requested a review of the application in which he sought temporary total disability benefits from June 1, 1990 through January 3, 1992. The commission informed Wimer that this claim had already been litigated. Because Wimer had not appealed that decision, he could not relitigate this issue.

Wimer filed a third claim for temporary total disability benefits beginning June 1, 1990. An assistant claims examiner denied the application on the basis of res judicata. The full commission affirmed the claims examiner's decision as to the period before January 3, 1992. However, the full commission allowed Wimer to present evidence related to disability for the period after January 3, 1992. Following a hearing, a deputy commissioner found that Wimer failed to prove that his current medical condition was causally related to his compensable injury by accident. Wimer filed a request for review from this decision. However, the commission denied review because Wimer's request was not filed within the required twenty-day period.

Wimer filed additional applications seeking temporary total disability benefits beginning May 30, 1990 and June 1, 1990, respectively. A deputy commissioner denied these applications because the issue had been previously adjudicated and Wimer did not present any new evidence. Wimer also filed an application

3

seeking authority to proceed with physical therapy.  A deputy commissioner denied Wimer's application for physical therapy due to a lack of medical evidence.

After a review of Wimer's file, the commission wrote to Wimer, on October 4, 1994, stating that the commission would refer his file back to the hearing docket on his original application of December 30, 1991.  A deputy commissioner denied Wimer's original application, finding that the issue of disability from June 1, 1990 through January 3, 1992 had been previously decided by various opinions of the commission, which had become final.  On review, the full commission denied Wimer's application on the basis of res judicata.  The commission found as follows:

> The record reflects that [Wimer] was not denied the opportunity to present evidence on the issue of disability for the claimed period.  This opportunity was afforded at the Hearing on November 2, 1992, before Deputy Commissioner Lee; at the on-the-record Hearing on August 17, 1994, before Deputy Commissioner Arrighi; and by the two chances to request Review of the decisions entered after consideration of evidence presented in the above Hearings.  As to the first Opinion by Deputy Commissioner Lee, [Wimer] had the opportunity to request Review of her determination that the application was for a change in condition and that Rule 13 applied. No timely request for Review was noted.

The commission also rejected Wimer's argument that res judicata should not apply because the two awards entered for permanent partial disability benefits and temporary total disability benefits were for overlapping periods of time in

4

violation of Code § 65.2-503(F).  The commission vacated the previous awards and entered an amended award for record purposes.  The amended award provided for temporary total disability benefits from January 3, 1992 through February 11, 1992; permanent partial disability benefits from February 12, 1992 through April 13, 1992; and temporary total disability from April 14, 1992 through April 29, 1992.  Finally, the commission ruled that the doctrine of imposition did not apply in this case.

## I. Res Judicata

"Absent fraud or mistake . . . , the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission."  K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).  Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action.  The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies."  Id.

Wimer litigated the issue of his entitlement to an award of temporary total disability benefits from June 1, 1990 through January 3, 1992.  Wimer did not seek timely review of the deputy commissioners' decisions, and therefore, they became final and binding upon him.  Thus, credible evidence supports the commission's finding that the issue of disability for the period June 1, 1990 through January 3, 1992 could not be litigated again

5

because the 1992 and 1994 decisions of the deputy commissioner adjudicating those claims are final and were not appealed. Res judicata prevented Wimer from subsequently relitigating the issue of his entitlement to temporary total disability benefits from June 1, 1990 through January 3, 1992.

## II.  Imposition

"'Imposition' . . . empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown."  Avon Products, Inc. v. Ross, 14 Va. 1, 7, 415 S.E.2d 225, 228 (1992).

Substantial credible evidence supports the commission's finding that Wimer's conduct in failing to note timely requests for review of the deputy commissioners' 1992 and 1994 opinions prevented the commission from considering the issue of disability for the period June 1, 1990 through January 3, 1992.  Thus, the commission did not err in ruling that the doctrine of imposition did not preclude employer from relying upon res judicata.

## III.  Disability Awards

Wimer argues that res judicata did not apply because the awards entered for temporary total disability benefits and permanent partial disability benefits were for overlapping time periods in violation of Code § 65.2-503(F).  The commission corrected this error by amending the awards for record purposes. The commission's correcting this mistake in entering the awards

6

had no bearing upon whether Wimer's claim for disability from June 1, 1990 through January 3, 1992 was barred by <u>res</u> <u>judicata</u>.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>