COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


TRULAND SYSTEMS CORPORATION
AND
TWIN CITY FIRE INSURANCE COMPANY

                                    MEMORANDUM OPINION*
v.         Record No. 0762-97-4        PER CURIAM
                                       JULY 29, 1997
RICHARD L. PORTORSNOK


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (William R. Korth; Law Offices of Francis H.
               Foley, on brief), for appellants.

               No brief for appellee.


     Truland Systems Corporation and its insurer (hereinafter

jointly referred to as employer) contend that the Workers'

Compensation Commission (commission) erred in dismissing

employer's request for review on the ground that it was not

timely filed.  Upon reviewing the record, employer's brief, and

Richard L. Portorsnok's (claimant) motion to dismiss, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On January 31, 1997, the deputy commissioner rendered an

opinion awarding various benefits to claimant.  By letter dated

February 17, 1997 and sent via first-class mail, employer

requested a review by the full commission of the deputy

commissioner's decision.  The commission received employer's

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

request for review on February 21, 1997, twenty-one days after the date of the deputy commissioner's award. The commission dismissed employer's request for review as untimely filed.

Code § 65.2-705(A) requires that an application for review to the full commission must be made within twenty days from the date of the award. In addition, Rule 3.1 of the Rules of the Virginia Workers' Compensation Commission requires that "[a] request for review of a decision or award of the Commission shall be filed by a party in writing with the Clerk of the Commission within 20 days of the date of such decision or award." Code § 65.2-101 specifies that filing by first-class mail "shall be deemed completed only when the application actually reaches a Commission office." Absent fraud or mistake, the decisions of the commission or its deputy commissioners from which no party seeks timely review are binding upon the commission. See K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

It was undisputed that the commission did not receive employer's request for review until February 21, 1997, more than twenty days after the deputy commissioner's January 31, 1997 decision. Therefore, the commission did not err in holding that it lacked jurisdiction to consider employer's request for review.

Employer's reliance on Rule 1:7 of the Rules of the Supreme Court of Virginia is misplaced. The three-day grace period provided by Rule 1:7 applies only in a situation where a party is

2

required to act under those rules "after service of a paper upon him."  Code § 65.2-705(A) makes clear that the twenty-day period runs from the date of the award.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

3