COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NATIONAL FRUIT PRODUCT COMPANY, INC.
AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 0704-97-3                  PER CURIAM
                                         AUGUST 5, 1997
BETH WINTERS


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Beth M. Coyne; Fowler, Griffin, Coyne &
             Coyne, on briefs), for appellants.

             (George L. Townsend; Chandler, Franklin &
             O'Bryan, on brief), for appellee.


     National Fruit Product Company, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission (commission) erred in

finding that (1) Beth Winters' claim, filed on May 29, 1996 and

alleging an injury on March 13, 1995, was not barred by the

doctrine of res judicata; and (2) Winters proved she sustained an

injury by accident arising out of and in the course of her

employment on March 13, 1995.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Res Judicata

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

The commission found that Winters' May 29, 1996 application for compensation was not barred by the doctrine of res judicata. The May 29, 1996 application presented the issue whether Winters sustained an injury by accident arising out of and in the course of her employment on March 13, 1995. The commission found that this issue was not previously litigated and determined as to these parties. Winters' earlier application, filed on April 20, 1995, alleged an injury by accident occurring on March 2, 1995. The record established that the two applications dealt with two different alleged industrial accidents. Therefore, the commission did not err in finding that the doctrine of res judicata did not bar it from considering Winters' May 29, 1996 application.

## Injury by Accident

Winters testified that on March 13, 1995, she was in the warehouse stacking forty-pound boxes containing bottles of tea:

> And approximately 5:00 I picked one up and I
> don't know if I twisted or what, but I felt
> intense pain in my lower back, a
> popping. . . . It was just right in my
> spine, my low -- lower spine. And got really

> light-headed and felt like I was going to pass out. . . . I laid over top of the pallet and just told all of the workers that were there that I couldn't do it, I couldn't work.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Winters' testimony, which was generally corroborated by the medical histories, provides credible evidence to support the commission's finding that she proved an identifiable incident resulting in a sudden mechanical change in her body on March 13, 1995. Thus, that finding is conclusive on this appeal. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Although Winters had experienced back problems prior to the March 13, 1995 incident, credible evidence supports the commission's conclusion that "she felt a sudden pain on March 13, 1995, which did not compare to her prior soreness and which precipitated her disability and an ongoing course of medical treatment."

In rendering its decision, the commission considered the medical histories and Winters' recorded statement, and the commission resolved any inconsistencies between this evidence and Winters' testimony in favor of Winters. "In determining whether credible evidence exists, the appellate court does not retry the

facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

For the reasons stated, we affirm the commission's decision.

Affirmed.