COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

LINWOOD W. BURT

v.   Record No. 1149-97-1

MCLEAN CONTRACTING COMPANY and
 FIDELITY & CASUALTY INSURANCE
 COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 7, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Linwood W. Burt, pro se, on brief).

(R. John Barrett; Kelly O. Stokes;
Vandeventer, Black, Meredith & Martin, on
brief), for appellees.


Linwood W. Burt contends that the Workers' Compensation
Commission (commission) erred in finding that his June 10, 1996
claim for an award of permanent total disability benefits was
barred by the applicable statute of limitations and the doctrine
of res judicata.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

In a November 14, 1995 memorandum opinion, we ruled that
Code § 65.2-708 barred Burt's September 7, 1994 claim for
permanent total disability benefits because his application was
filed more than three years after the date for which compensation
was last paid.  See Burt v. McLean Contracting Co., Record No.

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

2403-94-1 (Va. Ct. App. Nov. 14, 1995).  We found no basis upon which to apply the doctrine of imposition or for tolling the statute of limitations.  See id.  We denied Burt's numerous requests for rehearing with regard to our November 14, 1995 decision.

By letter dated June 7, 1996 and received by the commission on June 10, 1996, Burt asked the commission to reconsider the issue of his claim for permanent total disability benefits.  The commission ruled that it lacked jurisdiction to consider the June 10, 1996 application.  In so ruling, the commission found as follows:

> [T]he Commission is not allowed to revisit this matter, because the Virginia Court of Appeals has issued a final ruling which finds the claim for benefits is barred by the statute of limitations.  The Commission is bound by the Court's November 14, 1995, Opinion.  Therefore, upon careful consideration of [Burt's] request for Review, we find the Claims Manager correctly held that the Commission has no jurisdiction to consider [Burt's] request.

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action.  The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies."  K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

Burt raised the issue of his entitlement to an award of permanent total disability benefits in his September 7, 1994

2

application.  The commission denied that application because the applicable statute of limitations had expired.  On November 14, 1995, we affirmed the commission's decision and later denied Burt's requests for rehearing.  Our November 14, 1995 decision became final and prevented Burt from relitigating the issue of his entitlement to an award of permanent total disability benefits.  Thus, the commission properly ruled that the issue of Burt's entitlement to an award of permanent total disability benefits could not be litigated again because this Court's November 14, 1995 decision is final.

We deny employer's request for sanctions.

For the foregoing reasons, we affirm the commission's decision.

<u>Affirmed.</u>