COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


CHARLES FRANCIS CARTER

                                    MEMORANDUM OPINION[*]
v.    Record No. 2394-98-4              PER CURIAM
                                      APRIL 20, 1999
ARLINGTON COUNTY FIRE DEPARTMENT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Charles Francis Carter, pro se, on briefs).

          (Lisa A. Cay; Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellee.


     Charles Francis Carter ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that (1) he was not entitled to reimbursement for the cost of

air conditioning repairs to any vehicles other than his 1989

Plymouth Voyager; (2) he was not entitled to reimbursement for

interest and other out-of-pocket costs; (3) his request for

reimbursement for home air conditioning expenses was barred by

the doctrine of res judicata; and (4) he was not entitled to

reimbursement for certain mileage expenses.[1]  Upon reviewing the

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

     [1]Claimant presented arguments and evidence in his thirty-five
page brief which were either not before the commission or are
irrelevant to the issues on appeal.  We will only address those
issues decided by the commission in its September 11, 1998 review
opinion, and timely appealed by claimant.

record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

I.

In denying claimant's request for reimbursement for the cost of air conditioning repairs to vehicles other than his 1989 Plymouth Voyager, the commission found as follows:

> Deputy Commissioner Bruner, in his Opinion issued January 5, 1996, approved such repairs only on a Plymouth van, which the billing record shows to be a 1989 Plymouth Voyager. In these proceedings, [claimant] asserted that Deputy Commissioner Bruner's Opinion authorized repairs of all his Plymouth vehicles, which is a misinterpretation of that Opinion, as well as of the Opinions issued on review and on appeal. . . . We agree with Deputy Commissioner Cummins that such additional repair costs are not the reasonable and necessary responsibility of the employer. This instant claim demonstrates the absurdity of the claimant's argument. Although he demanded air conditioning repairs on four vehicles, [claimant] admitted at the hearing that he had expenses

- 2 -

attributable only to three, but that he might make a later claim for the fourth vehicle. The award of medical benefits deemed necessary by the Commission must be balanced against a reasonableness standard that compels the employer to pay for such benefits. We agree with the Deputy Commissioner that the employer should be liable only for the cost of air conditioning repairs to the claimant's 1989 Plymouth Voyager, and also that the employer should be allowed to determine the necessity and reasonableness of future repairs before such costs are incurred.

The commission further held that employer was liable to reimburse claimant in the amount of $942.90, which constituted the cost of a June 4, 1996 air conditioning repair to the 1989 Plymouth Voyager, less amounts already paid by employer and less the cost of a state inspection of that vehicle.

In order to hold an employer liable for medical expenses pursuant to Code § 65.2-603, claimant bore the burden of proving that those expenses were reasonable, necessary, and causally related to his compensable injury. Claimant presented no evidence that air conditioning repairs to vehicles other than his 1989 Plymouth Voyager were medically reasonable, necessary, or causally related to his compensable injury by accident.[2]

---

[2]We note that claimant's argument that employer was contractually obligated to reimburse him for the cost of air conditioning repairs to four vehicles is without merit. Such a contract, not approved by the commission, has no legal significance under the Workers' Compensation Act. Rather, employer's responsibility for medical expenses is judged under a reasonableness standard pursuant to Code § 65.2-603.

Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

## II.

Claimant contends that the commission erred in refusing to hold employer liable to reimburse him for interest, i.e., finance charges, and other "out-of-pocket" costs associated with pursuing his claim. The Workers' Compensation Act does not provide any basis for an award of such costs. Accordingly, the commission did not err in denying claimant's request.

## III.

The July 25, 1995 home air conditioning repair expenses were addressed in the commission's January 5, 1996 opinion. In that opinion, Deputy Commissioner Bruner found those home air conditioning repair expenses noncompensable on the ground that they were not medically necessary. The full commission affirmed that opinion. Subsequently, this Court affirmed the commission's opinion.

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). Because the issue of employer's liability for the cost of the July 25, 1995

- 4 -

home air conditioning expenses was previously decided against claimant and in favor of employer, the commission did not err in ruling that claimant could not seek to relitigate that issue. Thus, the commission properly denied claimant's request for reimbursement for the July 25, 1995 home air conditioning expenses as barred by the doctrine of res judicata.

IV.

In ruling upon claimant's request for mileage reimbursement, the commission found as follows:

> [C]laimant's evidence did not limit his travel to direct routes to/from medical treatment or repair facilities. There was therefore no basis to assess travel costs against the employer, since the claimant essentially declined to present such evidence of reasonable travel, but only evidence of travel that was presumably inflated. The Deputy Commissioner acknowledged payment by the employer for some mileage, and she limited Carter's recovery for such reimbursement to amounts already paid. We find on review that this was a reasonable accommodation to inaccurate mileage evidence offered by the claimant.

The record amply supports the commission's findings. In light of the reasonableness standard applicable to this issue, we cannot say as a matter of law that claimant's evidence proved that employer was liable to reimburse him for any mileage expenses other than those it had already paid.[3]

---

[3]In affirming the commission's ruling on this issue, we cannot consider any evidence that was not properly before the commission when it rendered its decision.

For these reasons, we affirm the commission's decision.[4]

Affirmed.

---

[4]Appellant has filed a motion that appellee's brief not be considered by the Court.  Appellee has filed a motion to dismiss the appeal.  We deny both motions.