COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


MICHAEL RAY MANES

v.    Record No. 0019-99-3

TCB CONSTRUCTION, INC. AND
 ERIE INSURANCE EXCHANGE

MEMORANDUM OPINION*
PER CURIAM
JUNE 22, 1999


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Michael Ray Manes, pro se, on briefs).

(Benjamin J. Trichilo; Trichilo, Bancroft,
McGavin, Horvath & Judkins, P.C., on brief),
for appellees.


Michael Ray Manes (claimant) contends that the Workers' Compensation Commission (commission) (1) erred in denying his June 7, 1994 and December 4, 1995 claims alleging a change-in-condition on the ground that they were barred by the doctrine of res judicata and/or collateral estoppel; (2) erred in denying those claims, and alleged amendments to those claims, on the ground that they were not timely filed; (3) erred in finding that his November 21, 1996 claim requesting an award of permanent partial disability benefits ("PPD") was barred by the doctrine of res judicata and was not timely filed; (4) failed to respond to his request that the commission designate a new treating physician; (5) erred in

_____

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

finding that TCB Construction, Inc. and its insurer (hereinafter referred to as "employer") were not responsible for the cost of his July 22, 1996 right ulnar nerve transposition and right carpal tunnel release surgery; and (6) failed to address his request for rehabilitation training. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.[1]

## I. and II.

On August 3, 1993, claimant filed a claim alleging that he sustained an injury by accident on July 6, 1993, resulting in a "broken right elbow." Claimant requested an award of temporary total disability ("TTD") benefits beginning July 6, 1993.

In a June 7, 1994 letter (incorrectly dated June 7, 1993), filed with the commission on June 10, 1994, claimant amended his August 3, 1993 claim. In that letter, claimant asserted that he also suffered injuries to his "cervical spine, thoracic spine, left and right shoulders, fracture of the radial head of the right arm, and injuries to the right and left arms," as a result of the July 6, 1993 accident. Again, claimant requested TTD benefits beginning July 6, 1993. Claimant also requested that the

---

[1]Claimant's brief sets forth thirteen issues. Some of the issues designated by claimant are duplicative or relate to another issue. Accordingly, we have combined some of the issues presented by claimant and will address them together for purposes of this appeal.

-

commission hold employer responsible for the cost of medical treatment provided by Dr. Norman J. Cowen.

On December 21, 1994, the commission held a hearing on the August 3, 1993 claim and the June 10, 1994 amendment to that claim. At that hearing, the parties stipulated that claimant sustained a fractured right radial head as a result of the July 6, 1993 injury by accident and that employer made certain voluntary payments to claimant for disability through January 20, 1994. The only injuries asserted at the hearing by claimant's counsel related to claimant's July 6, 1993 accident included a fractured radial head and carpal tunnel syndrome. Claimant testified that he believed he sustained injuries to his right wrist, elbow, right shoulder, upper back, neck, both shoulders, and left arm as a result of the July 6, 1993 accident.

In his March 7, 1995 opinion, Deputy Commissioner Tabb considered all of the injuries asserted by claimant. Tabb ruled that claimant's right carpal tunnel syndrome was causally related to his July 6, 1993 accident; that claimant failed to market his residual capacity and was not entitled to benefits after January 20, 1994; and that Dr. Cowen was not an authorized treating physician. Both parties requested review of Tabb's decision. However, neither party raised issues concerning the compensability of injuries other than those to claimant's right forearm and his carpal tunnel syndrome.

-

On July 19, 1995, the full commission affirmed Tabb's decision, finding that claimant was not credible; that Dr. Cowen was not an authorized treating physician; and that claimant was partially disabled and had failed to market his residual capacity. However, Tabb's finding of causal connection between claimant's carpal tunnel syndrome and his accident was vacated and remanded for a hearing on that issue and any new claims that had been filed and were ripe for hearing.

The second hearing, on October 18, 1995, included the carpal tunnel issue as well as claims filed by claimant on March 13, 1995, April 12, 1995, June 28, 1995 and August 14, 1995. In those claims, among other issues, claimant asserted he was entitled to TTD benefits beginning March 31, 1995, payment for Dr. John Johnson's medical treatment, and recognition of Dr. Johnson as the authorized treating physician. At the hearing, claimant again testified to problems he believed were related to the July 6, 1993 injury by accident, including tingling in his hands and down both sides of his arms, headaches, neck, arm and back pain, fluid leaking from his ears, and numbness in his arms after leaning on his elbows.

On November 15, 1995, Tabb issued an opinion in which he "adopt[ed] the medical recitals as set forth in the Commission's Opinion of July 19, 1995, and the medical facts as found in the Opinion of March 7, 1995 . . . ." Tabb also cited various

-

medical records detailing claimant's numerous complaints.  Based

upon the evidence, Tabb found as follows:

> [C]laimant's July 6, 1993, <u>fractured radial</u>
> <u>head has healed, and . . . any continuing</u>
> <u>problems he may have, are either the result</u>
> <u>of unrelated matters or right carpal tunnel</u>
> <u>syndrome which pre-existed his July 6, 1993,</u>
> <u>accident</u>.  There has previously been a
> stipulation that an accident occurred on
> July 6, 1993, which necessitated treatment
> for his fractured radial head for which we
> assume all medical payments have been made.
> <u>There is no continuing need for medical</u>
> <u>treatment and no continuing disability</u>.

(Emphasis added.)

In his December 4, 1995 request for review of Tabb's

November 15, 1995 decision, claimant asserted that he suffered

from continuing neck, upper back, and shoulder pain and fluid

leaking from his ears.  Claimant argued that Tabb erred in

ruling that those continuing medical problems were not causally

related to his July 6, 1993 injury by accident.  Claimant

reiterated his position in several letters filed thereafter.

On March 12, 1996, the full commission affirmed Tabb's

November 15, 1995 decision that claimant's right carpal tunnel

syndrome was not causally related to his compensable July 6, 1993

injury by accident.

On September 24, 1996, this Court summarily affirmed the

commission's findings that claimant was not credible; that his

right carpal tunnel syndrome and continuing disability were not

-

causally related to his compensable July 6, 1993 injury by accident; and that he failed to market his residual capacity.

On July 16, 1997, the commission held a hearing on claims filed by claimant on June 7, 1994, December 4, 1995, and November 21, 1996. The December 4, 1995 claim asserted that claimant sustained a broken right elbow and a non-displaced radial head fracture of the right elbow as a result of the July 6, 1993 accident. Claimant requested TTD benefits beginning January 20, 1994 and continuing.

On April 22, 1996, claimant amended that claim to allege a change-in-condition including "a large rotator cuff tear of the left shoulder, bi-lateral ulnar nerve compression of both elbows and possible thoracic outlet syndrome and possible nerve damage to the neck and/or spine." Claimant sought TTD benefits beginning January 20, 1994 and continuing, payment of medical bills, and reimbursement for mileage expenses. He also requested vocational rehabilitation and recognition of Drs. Richard Whitehill and Gregory Degnan as authorized treating physicians. By letter filed on June 5, 1996, claimant again amended the December 4, 1995 change-in-condition claim to include injuries to his cervical spine, thoracic spine, right and left arms, right and left elbows, right and left shoulders, and neck.

The November 21, 1996 claim requested an award of PPD benefits for an impairment rating to his right upper extremity.

-

In a December 16, 1997 opinion, Deputy Commissioner Herring found that claimant's June 7, 1994, December 4, 1995 and accompanying amendments, and November 21, 1996 claims were barred by res judicata and/or collateral estoppel. In support of that ruling, Herring cited Tabb's November 15, 1995 opinion, which was rendered after a hearing that encompassed all of the injuries raised by claimant in his June 7, 1994 and December 4, 1995 claims, and which was affirmed by the full commission and this Court.

On December 4, 1998, the full commission affirmed Herring's December 16, 1997 opinion and dismissed all pending claims. In that opinion, the commission held that Tabb's November 15, 1995 opinion, affirmed by the commission and this Court

> extinguish[ed] allegation of other injuries contained in the June 1994 amended claim. The additional injuries are precluded from being relitigated because either they were resolved by the stipulation [at the December 21, 1994 hearing] and the Deputy's finding which makes res judicata applicable, or they could have been litigated at that time but were not which makes collateral estoppel apply.
>
> The December 4, 1995, claim was for a broken right elbow and a non-displaced radial head fracture. The right elbow fracture had already been determined to be compensable pursuant to the stipulation and earlier decision. The Deputy, in the November 15, 1995, decision, specifically found that the claimant's disability was unrelated to the compensable accident. Therefore, a claim for benefits from January 20, 1994, and continuing is barred by res judicata.

-

\* \* \* \* \* \* \*

> [C]laimant's statement that he was unaware of the injuries until after the hearings is also contradicted by the discussion at the last hearing where, when asked why the other injuries were not raised, he alleged it was because of incompetent counsel. He further stated that he begged counsel to raise the other injuries at the earlier hearings. If this is the case, collateral estoppel would be applicable because it was an issue that could have been raised at that time but was not. As noted earlier, the claimant did testify to injury to other body parts, medical records noted other complaints and the earlier review delineated the various injures [sic] and possible diagnosis. Therefore res judicata would prevent relitigation.

The commission's finding that the June 7, 1994 and December 4, 1995 claims were barred by res judicata and/or collateral estoppel is fully supported by the record. Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

Before the July 16, 1997 hearing, claimant had already litigated or could have already litigated the issue of his entitlement to an award of TTD benefits beginning January 20, 1994 with respect to all of the various injuries alleged by him in his June 7, 1994 and December 4, 1995 claims. Tabb's

-

November 15, 1995 decision, which encompassed or could have encompassed these claims, and which was affirmed by the commission and this Court, adjudicated the claims made by claimant in his June 7, 1994 and December 4, 1995 claims. Therefore, res judicata and/or collateral estoppel prevented claimant from subsequently relitigating the issue of his entitlement to TTD benefits beginning January 20, 1994 and continuing due to the injuries alleged by him at the July 16, 1997 hearing.[2]

### III.

The commission correctly applied the doctrine of res judicata to find that Tabb's November 15, 1995 decision, affirmed on review by the commission and appeal to this Court, barred the commission from awarding claimant PPD benefits as requested in his November 21, 1996 application. Tabb's November 15, 1995 decision constituted a final and binding determination that claimant's fractured radial head had healed; that any continuing problems that he may have were either due to his pre-existing right carpal tunnel syndrome or matters unrelated

---

[2]The record also supports the commission's alternative finding that the December 4, 1995, April 18, 1996, and May 8, 1996 claims, if they assert new injuries or injuries diagnosed after December 1994 and the previous hearings, would be barred by the statute of limitations. None of these claims were filed before July 6, 1995, within two years of the date of the accident. In addition, as the commission noted "even if the 1996 claims were truly amendments, they would still be time barred because the December 1995 claim was not timely filed."

-

to his July 6, 1993 injury by accident; and that there was no continuing disability or need for further medical treatment. Accordingly, the commission did not err in finding that claimant's November 21, 1996 claim for PPD benefits was barred by the doctrine of <u>res</u> <u>judicata</u>.

IV. - VI.

Because our rulings affirming the commission's findings with respect to the issues of <u>res</u> <u>judicata</u>, collateral estoppel, and the statute of limitations dispose of this appeal, we need not address the remaining issues raised by claimant.[3]

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[3] Employer moved this Court to dismiss claimant's appeal due to his failure to comply with Rules 5A:20(c) and 5A:25(d). We deny that motion.

-