COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


ELIZABETH H. LEWIS

                                          MEMORANDUM OPINION*
v.    Record No. 2351-00-4                   PER CURIAM
                                          FEBRUARY 6, 2001
HAMBURGER HAMLET, INC. AND
 TRANSPORTATION INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Hilia Elizabeth Lewis, pro se, on brief).

                (Heather K. Bardot; Trichilo, Bancroft,
                McGavin, Horvath & Judkins, P.C., on brief),
                for appellees.


        Elizabeth H. Lewis (claimant) contends that the Workers'

Compensation Commission erred in finding that (1) her June 22,

1999 claim seeking an award of temporary total disability

("TTD") benefits and permanent partial disability ("PPD")

benefits was barred by the doctrine of res judicata; (2) her

June 22, 1999 claim for reimbursement of medical expenses

related to medical treatment of her right shoulder and back was

barred by the doctrine of res judicata; (3) she failed to prove

that any treatment she may have received for her right ankle was

causally related to her compensable September 23, 1992 injury by

accident; and (4) she was not entitled to tuition reimbursement.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. and II. Res Judicata

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

In a July 1, 1994 opinion, Deputy Commissioner Cummins Doan found that claimant's shoulder problems were not causally related to her compensable injury by accident. The deputy commissioner also found that claimant was not disabled from November 15, 1992 to May 21, 1993 and from June 6, 1993 and continuing. That opinion was affirmed by the commission and this Court. Likewise, in a May 15, 1997 opinion, Deputy Commissioner Cummins found that any claim for additional TTD benefits due to problems related to claimant's shoulders and back, for various periods through January 3, 1997, was time-barred by Code § 65.2-708, as the claim was filed well beyond two years from the last date for which compensation was paid pursuant to an award. The deputy commissioner also ruled that any medical treatment related to claimant's shoulders and

her back was not causally related to her compensable injury by accident. The commission affirmed that opinion.

At the hearing held on April 5, 2000, on claimant's June 22, 1999 claim, she sought TTD benefits from September 23, 1992 through November 1992; from May 1993 through March 1996; and from January 1999 to present, PPD benefits, and medical benefits related to her right shoulder and lower back. Because valid final judgments existed prior to the April 5, 2000 hearing, finding that claimant's back condition after December 1994 and her shoulder problems were not causally related to her compensable injury by accident and that any further wage claims related to those conditions were time-barred by Code § 65.2-708, the commission did not err in ruling that claimant could not seek to relitigate those issues. Thus, the commission properly denied claimant's June 22, 1999 claim for TTD, PPD, and medical expenses related to her right shoulder and back as barred by the doctrine of res judicata.

### III. Right Ankle Medical Treatment

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are

binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove that she was entitled to reimbursement for medical expenses related to treatment of her right ankle, the commission affirmed the deputy commissioner's opinion, in which she found as follows:

> [T]he right ankle complaints for which the claimant now seeks treatment are unrelated to the injury by accident. It appears from the medical evidence that, until her most recent treatment, the claimant sought no treatment for right ankle complaints since November 1992. We find that entirely too much time has elapsed for there to be any reasonable causal nexus between the injury by accident and her present right ankle complaints. Therefore, we conclude that the right ankle complaints and treatment are unrelated and unnecessary.

The commission's findings are amply supported by the record. In light of the more than seven-year gap between claimant's compensable injury by accident and the treatment for the right ankle condition, we cannot say as a matter of law that claimant's evidence sustained her burden of proof.

IV.  Tuition Reimbursement

The Act does not provide for tuition reimbursement where a claimant alleges that he or she has been required to drop classes due to pain caused by an industrial injury. Accordingly, the commission did not err in denying claimant's request for tuition reimbursement under these circumstances.

- 4 -

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>