COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Duff


CONNIE P. MITCHELL
                                    MEMORANDUM OPINION*
v.    Record No. 0605-01-2              PER CURIAM
                                      JUNE 26, 2001
RICHMOND (CITY OF) NURSING HOME AND
 RICHMOND (CITY OF) TRIGON ADMINISTRATORS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Connie P. Mitchell, pro se, on brief.)

          No brief for appellees.


     Connie P. Mitchell (claimant) contends that the Workers'

Compensation Commission erred in finding that her claims for

benefits related to her knees, filed with the commission on

October 1, 1998 and February 8, 1999, were barred by the

doctrine of res judicata.  Upon reviewing the record, claimant's

brief, and the motions filed by Richmond (City of) Nursing Home

and its insurer (hereinafter referred to as "employer"), we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.[1]

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Because we find that the commission's decision is subject
to summary affirmance, we deny employer's motion to dismiss on
the ground that claimant failed to comply with Rule 5A:25(d)
with respect to the filing of the appendix.  With respect to
employer's "objection to appellant's statement of questions

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

In a July 27, 1997 opinion, Deputy Commissioner Herring found that claimant's knee problems were not causally related to her compensable December 8, 1992 injury by accident. In addition, the deputy commissioner held that employer was not responsible for any disability or payment for total knee replacement for either of claimant's knees. That opinion was affirmed by the commission and this Court. On November 17, 1998, the Supreme Court of Virginia dismissed claimant's petition for appeal.

On October 1, 1998, claimant filed a claim for payment of medical bills related to her knees and continuing wage loss benefits beginning February 1997. On February 8, 1999, claimant filed a claim requesting an award of permanent partial disability benefits related to her knees.

On September 14, 2000, an evidentiary hearing was held before Deputy Commissioner Stevick on claimant's October 1, 1998 and February 8, 1999 claims. At that time, she sought temporary

_____

presented," we have considered only those questions germane to the commission's decision.

- 2 -

total disability benefits beginning February 1997 and continuing and permanent partial disability benefits to both knees and payment of certain medical bills.

Because valid final judgments existed prior to the September 14, 2000 hearing, finding that any problems related to claimant's knees were not causally related to her compensable December 8, 1992 injury by accident, the commission did not err in ruling that claimant could not seek to relitigate those issues. Thus, the commission properly denied claimant's October 1, 1998 and February 8, 1999 claims related to her knees, as barred by the doctrine of res judicata.

For these reasons, we affirm the commission's decision.

Affirmed.