COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


LINWOOD W. BURT

                                        MEMORANDUM OPINION*
v.    Record No. 1151-01-1                 PER CURIAM
                                         SEPTEMBER 25, 2001
MCLEAN CONTRACTING COMPANY AND
 FIDELITY & CASUALTY INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Linwood W. Burt, pro se, on brief).

            (R. John Barrett; Adam S. Rafal; Vandeventer
            Black LLP, on brief), for appellees.


     Linwood Burt (the claimant) contends that the Workers'

Compensation Commission erred in finding that (1) his December

4, 1990 claim was barred by the applicable statute of

limitations; (2) the claims examiner was not required to follow

Rule 1.6 of the Rules of the Virginia Workers' Compensation

Commission; (3) the doctrine of res judicata barred the

commission from considering the claimant's December 4, 1990

claim; and (4) he failed to prove fraud by the commission

pursuant to Code § 65.2-312.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit as to the claims made by the claimant.  Accordingly, we

summarily affirm the commission's decision as to the claimant's

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

claims, see Rule 5A:27, but remand the case to the commission for a specific determination as to whether sanctions should be imposed as requested by the employer.

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

On January 22 and February 16, 2001, the claimant filed letters with the commission alleging that he was defrauded by the commission and requesting that his December 4, 1980 claim be docketed and that he be provided an evidentiary hearing. In denying these requests, the commission found as follows:

> The claimant asserts, as he has many times in the past, that his December 4, 1990, claim was not referred to the docket. The claimant has raised this issue before the deputy commissioners, the Full Commission, and the Court of Appeals on numerous occasions. Each judicial body has declined to refer the claimant's claim to the docket.
>
> We reiterate our previous holding that the claimant's claims in regard to the industrial accident which occurred in 1990 and in regard to documents which were filed in 1990 are barred by the applicable statute of limitations and by the doctrine of res judicata. We decline to consider claimant's current claim. Furthermore, because we have reviewed this file in its entirety on many occasions, we further find that there is no evidence whatsoever that the claimant has

been defrauded by any member of the Virginia Workers' Compensation Commission. We AFFIRM the Director of Claims' determination that the claimant has failed to state a claim pursuant to Va. Code Ann. § 65.2-312 or Va. Code Ann. § 65.2-712, the two statutory sections which contemplate claims regarding fraud.

(Citation omitted.)

The commission's findings are fully supported by the record. The issues raised by the claimant have previously been considered by the commission and by this Court, and a judgment on the merits issued. Furthermore, no evidence supports the claimant's bare allegations of fraud. The commission properly denied the claimant's request to docket his 1990 claim as barred by the applicable statute of limitations and the doctrine of <u>res judicata</u>. For these reasons, we affirm the commission's decision as to the claims made by the claimant.

This matter, however, is remanded to the commission for a specific determination as to whether sanctions should be imposed as requested by the employer.

<u>Affirmed and remanded.</u>