COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


MICHAEL ANTHONY NORMAN
                                        MEMORANDUM OPINION*
v.    Record No. 3361-01-2                  PER CURIAM
                                          JUNE 25, 2002
DELMARVA SASH & DOOR AND
 ASSURANCE COMPANY OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael A. Norman, pro se, on brief).

            No brief for appellees.


     Michael Anthony Norman contends the Workers' Compensation

Commission erred in refusing to consider the claim he filed with

the commission on August 13, 2001, alleging he sustained an

injury by accident arising out of and in the course of his

employment on April 6, 1992.[1]  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We note that the August 13, 2001 claim recited an accident
date of April 6, 1992.  However, it is clear from the record and
the description of the alleged accident that claimant was
referring to the April 3, 1992 accident, which was the subject
of his previously-litigated claim filed on October 22, 1992.  We
also note that in his opening brief, claimant presented argument
relative to the merits of his underlying claim for the April
1992 injury by accident.  However, because we dispose of this
appeal on res judicata grounds, we need not address that
argument.

Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

The record established that on October 4, 1993, on review, the commission affirmed the March 25, 1993 opinion of the deputy commissioner, denying claimant's claim on the ground that he failed to prove he sustained an injury by accident arising out of and in the course of his employment on April 3, 1992. On January 31, 1994, this Court dismissed an appeal of that decision. Norman v. Delmarva Sash & Door, Record No. 2207-93-2. On August 13, 2001, claimant filed another claim for the same accident with the commission. The commission ruled that the August 13, 2001 claim was barred by the doctrine of res judicata. We agree.

Res judicata applies "where there is a valid, personal judgment obtained by a defendant on the merits of an action. The judgment bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

A valid final judgment existed prior to the filing of the August 13, 2001 claim, finding that claimant failed to prove he sustained a compensable injury by accident arising out of and in the course of his employment on April 3, 1992. Thus, the commission did not err in ruling that claimant could not seek to relitigate that same issue. Accordingly, the commission

- 2 -

properly dismissed claimant's August 13, 2001 claim as barred by the doctrine of <u>res</u> <u>judicata</u>.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>