**Alexandria**

McCARTHY ELECTRIC COMPANY, INC., et al.

v.

JAMES E. FOSTER

No. 2261-92-4

Decided November 23, 1993

Robert C. Baker, Jr. (Mell and Brownell, on brief), for appellants.

Peter M. Sweeney (Peter M. Sweeney and Associates, on brief), for appellee.

OPINION

**ELDER, J.**—McCarthy Electric Company and Fidelity & Deposit Company of Maryland, hereinafter referred to collectively as "employer," appeal from the commission's determination that it lacked jurisdiction to hear employer's appeal of the commissioner's penalty order because employer's request for review was not timely filed. On appeal, the employer alleges that the commission erred in concluding that it had no jurisdiction because, although the request for review was filed after the order had become final under the terms of Code § 65.2-705, the order was sent to the carrier only, not to counsel. For the reasons set forth below, we affirm the decision of the commission.

(1) Code § 65.2-705(A) provides as follows:

> If an application for review is made to the Commission within twenty days from the date of the award, the full Commission, except as provided in subsection B of § 65.2-704 and if the first hearing was not held before the full Commission, shall review the evidence or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives, and witnesses.

If the application for review is not made within the twenty-day limitation period, the commission has no jurisdiction to review the matter unless the petitioning party alleges fraud or mistake in the procurement of the award. *K & L Trucking Co. v. Thurber,* 1 Va. App. 213, 218, 337 S.E.2d 299, 302 (1985) (citing *Harris v. Diamond Constr. Co.,* 184 Va. 711, 717, 36 S.E.2d 573, 576 (1946)). If the application alleges fraud or mistake, the commission retains jurisdiction insofar as is necessary "to act upon any relevant evidence offered in support thereof." *Id.* (citing *Harris,* 184 Va. at 721, 36 S.E.2d at 578). The question is whether the commission's notification of the carrier only, without notification to the employer's attorney, constitutes the type of mistake that would allow the commission to retain jurisdiction.

Although it is the commission's usual practice, neither the Virginia Code nor the Rules of the Workers' Compensation Commission pro-

mulgated pursuant to Code § 65.2-201(A) require that the commission provide the parties with copies of its orders, judgments or awards. In the absence of such a provision, the party against whom a judgment is entered is not ordinarily entitled to notice of its entry.[1] 46 Am. Jur. 2d *Judgments* § 160 (1969 & Supp. 1993).

> When a party voluntarily comes into court as a plaintiff, or makes a voluntary appearance as defendant, or has been personally served with process in the manner required by law, he is in court for all purposes incident to the suit. He is then fixed with notice of everything that is regularly done, and he has notice of any judgment rendered.

*Foster v. Allison Corp.,* 131 S.E. 648, 652 (N.C. 1926).

■ A panel of this Court reached the same conclusion in *Weston v. B.J. Church Construction Co.,* 9 Va. App. 283, 387 S.E.2d 96 (1989), holding that the carrier's duty to comply with the terms of a compromise settlement was effective on the date of entry—as stated in the agreement itself—despite the fact that the carrier alleged it failed to receive notice of the commission's entry of the agreement. *Id.* at 285-86, 387 S.E.2d at 96-97. This Court upheld the commission's subsequent award of a twenty percent penalty, under Code § 65.1-75.1 (now § 65.2-524), for all compensation unpaid within two weeks from the date of entry of that award. This Court upheld the penalty despite the commission's purported failure to comply with its customary practice

---

[1] In the federal system, Rule 77(d) of the Federal Rules of Civil Procedure states that "the clerk shall serve notice of the entry [of an order or judgment] by mail . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing." Based on this provision, the United States Supreme Court held that the trial judge could properly vacate a final judgment after expiration of the appeal period because the clerk had failed to give notice. *Hill v. Hawes,* 320 U.S. 520, 523 (1944):

> It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule.

In response, Congress amended Rule 77(d) to state that "[l]ack of notice of the entry by the clerk does not affect the time to appeal," which "starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of the litigants." Fed. R. Civ. P. 77(d) advisory committee's note on 1946 amendments.

Accordingly, although the Federal Rules require the clerk to give notice, lack of notice provides no excuse for the failure to note a timely appeal in federal court.

of "notif[ying] parties of the entry of an order by first class mail." *Id.* at 285, 387 S.E.2d at 96.

That the insurance carrier, in tracking entry of the order, may have relied on the commission's practice of mailing first class notice of entry of the order does not relieve the parties of the duty to comply with the order or comply with the statute. Parties are not relieved of the obligation to comply with the commission's order because the method chosen to monitor or fulfill that obligation proves ineffectual. . . .

The consequence of the penalty provision . . . is to impose on the employer and carrier the duty to monitor the entry of an order or award by the commission. The customary practice of the commission in mailing notice of entry of the order makes this task less burdensome. However, the responsibility remains with the employer and its carrier to observe all statutory requirements. This responsibility is not unlike that which any party subject to an administrative or judicial determination bears, since, despite the customary practice of agencies and courts in mailing notice of their orders, decrees or awards, parties are not relieved of responsibility for compliance simply by virtue of customary practice. Although there is no evidence to suggest that the insurance carrier was attempting to avoid or circumvent making payment, the penalty provision nevertheless applies as written.

*Id.* at 286-87, 387 S.E.2d at 97-98. *Weston* involved the propriety of assessing statutory penalties following employer's failure timely to comply with a bilateral compromise agreement approved by the commission. This case involves the employer's untimely appeal of a penalty award following employee's unilateral request for the imposition of penalties. We see no significant difference between these two cases. The employer here clearly had notice of the request for assessment of penalties based on nonpayment. Accordingly, we hold that the commission's failure to notify employer of the entry of the penalty award is not the type of "mistake in the procurement of the award" contemplated by Virginia's case law and, therefore, does not toll the running of the period for filing an appeal or otherwise exempt the employer from its terms.

Even assuming *arguendo* that employer was legally entitled to notice of the entry of the penalty award, we would reach the same conclusion by holding that the notice given in this case was sufficient. By

letter of July 20, 1992, employee notified the commission that employer had made no payments under the outstanding award and asked the commission to assess "the mandatory penalties." Employee sent copies of that letter to counsel for both employer and carrier. Employer responded by letter of July 24, 1992, thereby confirming its receipt of employee's request. Finally, although employer did not receive actual notice of the commission's penalty assessment, the carrier admitted having received timely notice and failing to notify employer of that receipt "[b]ecause the adjuster handling the file . . . had been assigned to another office."

Under these facts we conclude the commission was correct in holding that it lacked jurisdiction to consider the merits of the appeal.

*Affirmed.*

Moon, C.J., and Fitzpatrick, J., concurred.