COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


USAIR, INC.
                                       MEMORANDUM OPINION[*]
v.   Record No. 2518-95-4                 PER CURIAM
                                         APRIL 30, 1996
JAMES B. HYMAN

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Michael N. Salveson; Hunton & Williams, on brief),
           for appellant.

           (Michael W. Heaviside; Ashcraft & Gerel, on brief),
           for appellee.


     USAir, Inc. ("employer") and its insurer contend that the

Workers' Compensation Commission erred in finding that the

commission's failure to send a copy of its opinion to employer,

its counsel, or insurer did not toll the running of the twenty-

day period for filing a request for review to the full

commission.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     Code § 65.2-705(A) provides: "If an application for review

is made to the Commission within twenty days from the date of the

award, the full Commission . . . shall review the

evidence . . . ."  In addition, Rule 3.1 of the Rules of the

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Workers' Compensation Commission provides: "A request for review of a decision or award of the Commission shall be filed by a party in writing with the Clerk of the Commission within 20 days of the date of such decision or award."  If the application for review is not made within the twenty-day limitation period, the commission has no jurisdiction to review the matter unless the petitioning party alleges fraud or mistake in the procurement of the award.  Harris v. Diamond Constr. Co., 184 Va. 711, 717, 36 S.E.2d 573, 576 (1946); K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 218, 337 S.E.2d 299, 302 (1985).

It was undisputed that employer did not file its request for review within twenty days of the commission's June 23, 1995 opinion.  Employer contended that it, its counsel, and its insurer never received a copy of the June 23, 1995 opinion from the commission.  The first notice to employer of the issuance of the opinion occurred when claimant's attorney faxed a copy of the opinion to employer's claims adjuster on July 21, 1995. Employer's counsel, the claims adjuster, and the insurer filed affidavits asserting that they never received a copy of the opinion from the commission.  The commission accepted the affidavits as true.

The commission found that our decision in McCarthy Elec. Co., Inc. v. Foster, 17 Va. App. 344, 437 S.E.2d 246 (1993), controlled its decision in this case.  We agree.  In McCarthy, we recognized that despite the customary practice of the commission,

2

"neither the Virginia Code nor the Rules . . . require that the commission provide the parties with copies of its orders, judgments, or awards. In the absence of such a provision, the party against whom a judgment is entered is not ordinarily entitled to notice of its entry." Id. at 345-46, 437 S.E.2d at 247. In McCarthy, we held that "the commission's failure to notify employer of the entry of the penalty award is not the type of 'mistake in the procurement of the award' contemplated by Virginia's case law and, therefore, does not toll the running of the period for filing an appeal or otherwise exempt the employer from its terms." Id. at 347, 437 S.E.2d at 248.

Employer incorrectly contends that McCarthy is distinguishable from this case. Our holding in McCarthy applies equally to penalty orders or any other judgment, award, or order of the commission. Moreover, we clearly stated in McCarthy that a party is not legally entitled to notice of the commission's award, and therefore, the commission's failure to provide such notice is not the type of mistake in procurement of the award that would warrant a tolling of the twenty-day limitation period. Thus, unlike Harris, there was no evidence in this case that the award was procured by fraud or mistake.

We presume that the legislature is cognizant of McCarthy and of the interpretation that we and the commission have given to Code § 65.2-705(A). We conclude that our construction is consistent with the legislative intent, particularly in the

3

absence of any changes to the statute.  See <u>Creative Dimensions Group, Inc. v. Hill</u>, 16 Va. App. 439, 444, 430 S.E.2d 718, 721 (1993); <u>City of Norfolk v. Lillard</u>, 15 Va. App. 424, 430-31, 424 S.E.2d 243, 247 (1992).

For these reasons, we affirm the commission's decision dismissing employer's request for review because it was not timely filed.

<u>Affirmed.</u>

4