COURT OF APPEALS OF VIRGINIA

Present:    Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


AMERICAN ZURICH INSURANCE COMPANY

                                            MEMORANDUM OPINION[*] BY
v.      Record No. 0498-07-4               JUDGE WILLIAM G. PETTY
                                            JANUARY 8, 2008
JAMIE MARTINEZ,
  DEYBIN NOEL (DAVID) ORTIZ GOMEZ,
  DANNY L. METCALF
  d/b/a DANNY L. METCALF CONSTRUCTION
  AND UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John H. Carstens (Melissa A. Zeller; Jordan Coyne & Savitz, L.L.P.,
            on briefs), for appellant.

            Raul J. Romero, III, for appellee Jamie Martinez.

            No brief or argument for appellees Deybin Noel (David) Ortiz Gomez,
            Danny L. Metcalf d/b/a Danny L. Metcalf Construction and
            Uninsured Employer's Fund.


        American Zurich Insurance Company (carrier) appeals the Workers' Compensation

Commission's award of benefits to Jamie Martinez (claimant).  While carrier presented several

issues on appeal, we address only two issues, which are dispositive of this case.  These issues are

(1) "whether the full commission erred as a matter of law in ruling that the claimant had

established a mutual mistake of fact or other legal basis for vacating Deputy Commissioner

Nevin's September 17, 2002 opinion"; and (2) "whether the full commission erred in entering

any award in this matter because claimant's claims were barred by the doctrine of *res judicata*

and/or collateral estoppel?"

        On review, we reverse the commission's decision.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On appeal from a decision of the commission, "we view the evidence in the light most favorable to the party prevailing below" and grant that party the benefit of all reasonable inferences. Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002); see also Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002). On September 26, 2001, claimant injured his right forearm, right thumb, and right index finger while operating a radial saw at a construction site. On October 5, 2001, he filed a claim for benefits seeking an award of lifetime medical costs for the injuries and compensation for temporary total disability. In the claim he alleged that Danny L. Metcalf Construction (Metcalf) was his employer.

A hearing on the claim for benefits was held before a deputy commissioner on September 9, 2001. The parties stipulated that claimant experienced an injury by accident arising out of and in the course of employment. The sole issue was whether Metcalf was claimant's employer.[1] After hearing the evidence, the deputy commissioner concluded, "claimant failed to carry his burden of proving that he was Metcalf's employee at the time of his injury." In reaching this decision, he made these findings:

> Although claimant was obviously working for somebody on September 26, 2001, we cannot determine from the record evidence for whom he was working. Metcalf denied employing him, and testified that he had never seen the claimant before the hearing. We also note the conspicuous absence of "Ortiz[,]" the individual who actually hired the claimant, paid him, and apparently supervised his day-to-day activities. We further note Metcalf's testimony that he did not employ or even know anyone known as Ortiz. The claimant also testified that at the time of his injury, he was working on a multi-level structure that he characterized as an apartment building. The record contains no evidence that Metcalf was doing any construction work on such a

---

[1] Claimant alleged that Danny Metcalf employed him. Claimant testified that he was hired after he told his friend, "David Ortiz" that he needed a job and Ortiz spoke with Metcalf, who then agreed to hire him.

building at the time of the claimant's injury. Additionally, the claimant did not even know where in Virginia he was injured. Although some actual documentation indicating that Metcalf paid Sanchez by check might have persuaded us that an employer/employee relationship existed among these individuals, no such documentation is in the record.

This decision was not appealed.

On November 13, 2002, claimant filed a second claim for benefits arising from the accident of September 26, 2001. In the second claim, however, claimant alleged that his employer was "David Ortiz Gomez." After filing the second claim, claimant attempted to join Metcalf to the second claim as either a statutory or direct employer. Furthermore, on May 5, 2004, claimant filed a motion to vacate the deputy commissioner's opinion based upon "mutual mistake and/or fraud."[2]

On September 22, 2004, the deputy commissioner held a hearing on claimant's motion to vacate and the second claim for benefits. After hearing testimony, the deputy commissioner determined that while claimant was an employee of Metcalf at the time of his injury, his claim was barred by *res judicata*.[3] Moreover, she ruled there was no basis upon which to vacate the September 17, 2002 opinion because there was no mutual mistake. In reaching this decision she observed:

At the initial hearing, it is hardly surprising that Mr. Metcalf testified as he did as he did not know a Mr. Ortiz, his records in no manner indicated any relationship with a Mr. Ortiz and he did not construct apartment buildings at all, no less in an unidentified

---

[2] At the hearing, claimant pursued relief solely on the basis of a mutual mistake. He did not pursue a fraud claim.

[3] In addition, the claim against Deybin Noel Ortiz Gomez, a/k/a David Ortiz Gomez was dismissed.

location, all alleged by the claimant at the hearing. Thus, he was in no manner mistaken in his testimony, while the claimant was in his.

Claimant appealed.

On December 19, 2005, the full commission vacated the September 17, 2002 opinion[4] and reversed the finding that claimant's claim against employer Metcalf was barred by *res judicata*. The commission concluded that the misidentification of Deybin Noel Ortiz Gomez constituted a mutual mistake of fact. Based upon the commission's implied power to vacate an award procured through mistake, the commission set aside the original opinion. The commission remanded the matter to the deputy commissioner to resolve issues of permanency, average weekly wage, and any other pending issues.[5]

On remand, the deputy commissioner issued an opinion on May 25, 2006. Claimant was granted an award against employer Metcalf and carrier for temporary total disability at the weekly rate of $240 from September 26, 2001 through December 14, 2001 and for a 20% permanent impairment of the right arm at the weekly rate of $240 beginning May 1, 2003 and continuing for 40 weeks. Claimant was also awarded causally related medical attention for as long as necessary under Code § 65.2-603. Carrier requested review by the full commission. On February 2, 2007, the full commission affirmed the May 25, 2006 opinion. This appeal ensued.

## II. ANALYSIS

On appeal, we defer to the commission in its role as fact finder. <u>VFP, Inc. v. Shepherd</u>, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002). "If supported by credible evidence, the

---

[4] The opinion contains what appears to be a typographical error by referencing a September <u>22</u>, 2002 opinion. The original opinion at issue was entered on September 17, 2002.

[5] Carrier filed a notice of appeal from the opinion and award of the Virginia Workers' Compensation Commission entered on December 19, 2005. On February 27, 2006, we dismissed the appeal without prejudice because the commission's order was interlocutory and not determinable of the controversy.

factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citations omitted).

However, the principal issue raised by carrier in this appeal relates not to the factual findings of the commission, but to its application of the law to those findings. Therefore, this issue is a mixed question of law and fact. Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995). "'[C]onclusions of the Commission upon questions of law, or mixed questions of law and fact, are not binding on [appeal].'" City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985) (quoting Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1949)). Accordingly, we review *de novo* the commissioner's application of the law to those findings. Roanoke Belt, 20 Va. App. at 68, 455 S.E.2d at 235.

Carrier argues that the full commission erred as a matter of law in ruling that the claimant established a mutual mistake of fact or other legal basis for vacating the deputy commissioner's September 17, 2002 opinion. Carrier asserts a two-fold argument: (1) the commission erred in applying "mutual mistake of fact" principles in this case absent a contract or agreement between the parties; and (2) there is no credible evidence in the record to support the commission's finding that a mutual mistake of fact existed. Assuming, without deciding, that the commission has the authority to vacate an award on the ground of mistake in the absence of a contract or agreement, we conclude that the mistake of fact relied upon must be mutual. Because we find that the claimant's mistake in this case did not constitute a mutual mistake of fact, we reverse.

The General Assembly has granted "the Commission the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition, and mistake." Collins v. Dep't of Alcoholic Bev. Con., 21 Va. App. 671, 679-80, 467 S.E.2d 279, 283, aff'd on rehearing en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). Virginia's case law further clarifies that the commission has the "implied power, incidental to those expressly

granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award, procured through fraud or mistake." Harris v. Diamond Constr. Co., 184 Va. 711, 721, 36 S.E.2d 573, 578 (1946).

When exercising its power to set aside a final award on the ground of fraud or mistake, the commission applies the same rules applicable to a proceeding to annul a final judgment at law. See Williamsburg v. Altizer, 220 Va. 9, 13, 255 S.E.2d 536, 538 (1979). To prevail, the party seeking relief must prove fraud or mutual mistake of fact by clear and convincing evidence. J & D Masonry, Inc. v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982) (citations omitted). Absent proof of fraud, a unilateral mistake of fact on the part of the moving party does not warrant relief. Id. "In determining whether a mutual mistake of fact existed at the time of the agreement, the inquiry is . . . whether each party held *the same mistaken belief with respect to a material fact* at the time the agreement was executed." Collins, 21 Va. App. at 681, 467 S.E.2d at 283 (emphasis added). Therefore, a unilateral mistake of fact, unaccompanied by fraud, is not sufficient to set aside a final award. J & D Masonry, 224 Va. at 295, 295 S.E.2d at 889 ("[T]he evidence proves merely a unilateral mistake of fact by the carrier unaccompanied by any fraud attributable to the claimant. Under such circumstances, relief will not be granted.").[6]

In its December 19, 2005 opinion, the commission vacated the 2002 opinion based on a mutual mistake of identification. The commission reasoned that "[n]either man [claimant nor employer] provided sufficient information about Ortiz/Gomez to result in a meeting of the minds between the two." The commission relied upon the rule of law set forth in Harris, 184 Va. at 721, 36 S.E.2d at 578, to entertain and hear the application. Id.

---

[6] We note that in Collins, we stated, "[i]t is immaterial whether the mistake of fact is mutual or unilateral . . . ." 21 Va. App. at 680, 467 S.E.2d at 283. However, the mistake in Collins was mutual; therefore, we consider the quoted language from Collins dicta.

Carrier argues that there is no credible evidence in the record to support the commission's finding that a mutual mistake of fact existed. When claimant filed the motion to vacate the September 2002 opinion, he had the burden of proving by clear and convincing evidence that he and employer held the *same* mistaken belief related to a material fact. Collins, 21 Va. App. at 681, 467 S.E.2d at 283. We find no evidence in the record supporting the commission's finding that they shared the same mistaken belief about the identity of claimant's superintendent.

When claimant testified at the initial hearing he identified Metcalf as his employer and Ortiz as his supervisor. Claimant did not subpoena Ortiz or make arrangements for his presence at the hearing. Further, he never referred to an individual named "Gomez." His testimony revealed that at the time of his accident he was working "somewhere" in Virginia on a "six-story" apartment building. Employer testified that he builds and sells homes and town homes and had never built apartments.

When employer was asked whether Mr. Ortiz worked for him, he testified, "[h]e didn't work for me." Employer further added, "[h]e quite possibly could have [worked for], one of my subs." Claimant's attorney failed to question employer specifically about the identity of his subcontractors. Thus, given claimant's incomplete and inaccurate testimony concerning the location and job site, there was no reasonable means for employer to determine that claimant had misidentified Gomez as Ortiz.[7]

At trial, claimant "had the burden of producing evidence that an employment relationship existed between him and [Metcalf]." Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1,

---

[7] Even though employer's testimony was based in part on inaccurate information provided by claimant, this fact alone does not necessarily give rise to a finding of a mutual mistake of fact. See McCarthy Electric Co. v. Foster, 17 Va. App. 344, 346, 437 S.E.2d 246, 247 (1993) (The commission's failure to notify employer's attorney of a ruling was not the type of mistake in the procurement of an award that would justify the commission to retain jurisdiction.).

3, 427 S.E.2d 428, 430 (1993), aff'd, 247 Va. 165, 440 S.E.2d 613 (1994) (*per curiam*). When he testified, however, he provided inaccurate information and failed to meet his burden of proof. A careful review of the record demonstrates that claimant's erroneous testimony was not based so much on mistake, as it was on a failure to properly discover information prior to the first hearing.

Although claimant asserts he did not learn of the identity of Ortiz/Gomez until after the first hearing, claimant could have learned this information through reasonable investigation, such as by review of his own medical records in this case. In those records, "Debin Gomez" is provided as his contact, along with a telephone number. Claimant's failure to obtain the full or correct name of Ortiz/Gomez to pursue his original claim "is simply a case of inadequate, incomplete, and deficient investigation by the [claimant]; it is a failure promptly to discover facts that were available to [claimant] . . . ." J & D Masonry, 224 Va. at 296, 295 S.E.2d at 889.

While claimant was clearly mistaken in his testimony at the first hearing, employer was not. Simply put, claimant failed to properly investigate and pose the correct questions necessary to sustain his burden of proof at trial. This type of unilateral mistake does not warrant relief. Id.; see also Foreman v. Clement, 139 Va. 70, 80-81, 123 S.E. 336, 339 (1924) ("[A] party will not be relieved from his obligation . . . where the mistake of fact was not mutual; unless such mistake was induced by the fraud or inequitable conduct of the obligee.").

## Res Judicata

Carrier argues the commission erred in entering any award in this case because claimant's claims were barred by the doctrine of *res judicata* or collateral estoppel. Generally, "*res judicata* precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).

Therefore, absent fraud or mistake, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." Id. "One who asserts the defense of *res judicata* has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action." Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998).

In the matter before us, claimant's first and second claims involved the issue of whether Metcalf was claimant's employer. Claimant failed to carry his burden of proof in the first action, and his claim was denied. He did not appeal this ruling. Therefore, claimant's second claim against Metcalf, which raises the same issue as the first claim, is barred by the doctrine of *res judicata* unless the September 17, 2002 opinion is vacated. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*).

Because the commission erred in vacating the September 17, 2002 opinion, claimant's second claim against Metcalf is barred by the doctrine of *res judicata*.

### III.  CONCLUSION

For these reasons, we conclude that the commission erred as a matter of law in determining that the claimant established a mutual mistake of fact and in setting aside and vacating the September 17, 2002 opinion. Because our conclusion of these issues is dispositive, we need not reach the other questions presented by carrier in this appeal. Accordingly, the decision of the commission is reversed, and we remand this matter to the commission for further proceedings consistent with this opinion.

Reversed.

McClanahan, J., concurring.

On the basis of a purported mutual mistake of fact (the identity of Ortiz/Gomez), the full commission vacated the final, unappealed decision rendered on Martinez's first claim—following an adversarial proceeding—in order to allow him to relitigate the issues already resolved in Metcalf's favor in that decision.

"In the exercise of its power to set aside a final award upon the ground of fraud or mistake, the Commission applies the same rules applicable to a proceeding in equity to annul a final judgment at law." J & D Masonry, Inc. v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982) (citing Williamsburg v. Altizer, 220 Va. 9, 13, 255 S.E.2d 536, 538 (1979)). "[I]t is a fundamental principle of equity jurisprudence that a litigant who files an independent action in equity to set aside a judgment must be free of fault or neglect." Charles v. Precision Tune, Inc., 243 Va. 313, 318, 414 S.E.2d 831, 833 (1992) (citing National Surety Co. of New York v. State Bank of Humboldt, 120 F. 593, 599 (8th Cir. 1903)). This principle no doubt derives from the doctrine that such actions are "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).

This is not such a case—whether or not the identity of Ortiz/Gomez is deemed a unilateral or mutual mistake of fact as between Martinez and Metcalf. Any failure in proving Ortiz/Gomez's identity at the first hearing was because of Martinez's own fault or neglect. As such, Martinez's failure to carry his burden of proof in that regard does not present a sufficient basis to depart from application of the doctrine of *res judicata* in his second claim. The analysis of whether a mutual mistake of fact existed is thus unnecessary.

For these reasons, the full commission erred in reversing the deputy commissioner's December 30, 2004 decision, which correctly denied Martinez's second claim on grounds of *res judicata*.

Fitzpatrick, J., dissenting.

Because I agree with the commission's reasoning set forth in its December 19, 2005 opinion, I would affirm its decision that claimant proved a mutual mistake of fact by clear and convincing evidence which established a sufficient basis upon which to vacate the September 17, 2002 opinion and reverse the deputy commissioner's finding the claim against Metcalf was barred by *res judicata*.

In ruling that claimant sustained his burden of proving a mutual mistake of fact justifying vacating the September 17, 2002 opinion, the commission found as follows:

> Metcalf conceded that a mistake of identification caused the confusion resulting in the September 17, 2002, Opinion denying benefits to the claimant. When identifying himself, the mystery man stated: "My name is Deybin Ortiz - - Deybin Noel Ortiz Gomez." It is apparent from the evidence presented that some people know Deybin Noel Ortiz Gomez as "Mr. Ortiz" and others know him as "Mr. Gomez." During the first Hearing, although both the claimant and Metcalf knew Deybin Noel Ortiz Gomez, the claimant knew him as David Ortiz, and Metcalf knew him as David or Deybin Gomez. Neither man provided sufficient information about Ortiz/Gomez to result in a meeting of the minds between the two. From each party's perspective, the other was mistaken as to the identity of the foreman. Thus, we find that there was a mutual mistake of identification of Deybin Noel Ortiz Gomez, the foreman who provided the link between Danny L. Metcalf Construction and the claimant.

(Citations and footnote omitted).

Here, when applying the proper deference to the commission's findings, clear and convincing credible evidence established that "each party held the same mistaken belief with respect to a material fact . . . ." Collins, 21 Va. App. at 681, 467 S.E.2d at 283. That is, each party was mistaken as to the identity of claimant's supervisor/foreman on September 26, 2001, which resulted in a denial of benefits to claimant after the initial hearing.

At the September 9, 2002 hearing, claimant, testifying with an interpreter, identified "Danny Metcalf" as his employer, and "David Ortiz" as his foreman, on the date of his accident,

- 12 -

September 26, 2001.  At that same hearing, Metcalf denied knowing or hiring claimant.  Metcalf denied "Mr. Ortiz" worked for him at that time, and stated that he did not know "Mr. Ortiz."

At subsequent hearings in September and October 2004, after claimant filed his motion to vacate, claimant pointed to "Deybin Noel Ortiz Gomez" as the person he worked for on September 26, 2001.  Claimant stated that Mr. Gomez and Mr. Ortiz are the same person and that he knew that person as "David Ortiz until now."

Metcalf testified that it turned out he knew "David Ortiz," the person identified by claimant at the first hearing as his foreman, as "David Gomez."  Metcalf stated that after the initial hearing and after claimant filed a claim against Gomez, Metcalf "came to the conclusion that I had made a mistake in connection with the name and everything because I didn't know him as Ortiz and that evidently he was the gentleman you all were referring to. . . .  And that he worked with me."  Metcalf admitted that when he testified at the first hearing, he had no idea that when claimant referred to "David Ortiz," he really meant "Deybin Gomez."

The man asserted to be claimant's foreman on September 26, 2001 testified at the October 2004 hearing that his name is "Deybin Gomez - - Deybin Noel Ortiz Gomez."  When asked whether he goes by Deybin Ortiz, Deybin Gomez, both, or Deybin Ortiz Gomez, he replied, "He always, you know, like the last name, Deybin Gomez.  But a lot of people know Deybin Ortiz."  Gomez stated that claimant knew him as "Deybin Ortiz," and Metcalf knew him as "Deybin Gomez."

Based on this record, credible evidence established that at the time of the initial hearing, through no fault of his own, claimant did not know his foreman/supervisor's correct name, "Deybin Noel Ortiz Gomez."  Claimant knew his foreman by one name, "David Ortiz," and Metcalf knew that same person by another name, "David Gomez," neither of which was the foreman's actual correct given name.  At the initial hearing, claimant and Metcalf each held a

mistaken belief with respect to a material fact, that is, Deybin Noel Ortiz Gomez's name. That mutual mistake resulted in a denial of benefits to claimant after the first hearing. As we stated in Collins, "[w]ithin the principles established by statutes and the Supreme Court decisions, the commission has '"jurisdiction to do full and complete justice in each case."' Justice is not attained by failing to correct obvious mistakes or declining to place the parties in positions which are in accord with the Act." Id. at 681, 467 S.E.2d at 283-84 (citations omitted). Accordingly, I would affirm the commission's exercise of its implied power to vacate or set aside the September 17, 2002 opinion, procured through mistake.