COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and O'Brien
Argued at Alexandria, Virginia

**PUBLISHED**

TOWN & COUNTRY HOSPITAL, LP

OPINION BY
v.        Record No. 1938-14-4          JUDGE ROSSIE D. ALSTON, JR.
                                        APRIL 21, 2015

REGINALD DAVIS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

John T. Cornett, Jr. (Lynch & Cornett, P.C., on brief), for
appellant.

W. David Falcon, Jr. (Chasen & Boscolo, P.C., on brief), for
appellee.

Town & Country Hospital, LP ("appellant") appeals a decision of the Workers'

Compensation Commission (the "commission").  Appellant alleges that the deputy commissioner

erred in awarding attorney's fees to counsel for Reginald Davis ("claimant") from the amount

paid for his medical care at appellant's medical facility.  Appellant argues that the deputy

commissioner's award violated due process and that the commission erred in refusing to set aside

the award.  Appellant also contends that the commission erred in finding it had jurisdiction to

impose a fee against appellant pursuant to Code § 65.2-714.  We find no error and affirm the

commission's decision.

I.  Background

On appeal, this Court views the evidence in the light most favorable to the prevailing

party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788,

788 (1990).  So viewed, the evidence established that in November 2011, claimant sustained a

compensable injury by accident to his right knee.  The commission awarded medical benefits for

the injury against claimant's employer and its insurance carrier. In late 2012, claimant filed a claim seeking authorization for a right knee total arthroplasty revision surgery. Employer and insurer initially denied the claim for surgery, stating that the injury requiring surgery was not causally related to or a result of the 2011 compensable injury.

In February 2013, while his claim was pending, claimant underwent a right total knee arthroplasty revision at appellant's Tampa, Florida hospital. The hospital billed insurer's claims' administrator $119,496.33 for services related to claimant's surgery. Before a scheduled evidentiary hearing on claimant's request for authorization and compensation for his knee surgery, employer and insurer abandoned their defenses and executed a stipulated order authorizing claimant's knee surgery. The commission approved the agreed order on March 15, 2013. Subsequently, insurer paid appellant $80,217.45.

On September 5, 2013, claimant's attorney sent appellant a request for payment of attorney's fees pursuant to Code § 65.2-714, seeking $20,054 from appellant.[1] The letter was

---

[1] Code § 65.2-714 provides in part:

> A. Fees of attorneys and physicians and charges of hospitals for services, whether employed by employer, employee or insurance carrier under this title, shall be subject to the approval and award of the Commission. . . .

> B. If a contested claim is held to be compensable under this title and, after a hearing on the claim on its merits or after abandonment of a defense by the employer or insurance carrier, benefits for medical services are awarded and inure to the benefit of a third party insurance carrier or health care provider, the Commission shall award to the employee's attorney a reasonable fee and other reasonable pro rata costs as are appropriate from the sum which benefits the third party insurance carrier or health care provider. Such fees shall be based on the amount paid by the employer or insurance carrier to the third party insurance carrier or health care provider for medical, surgical and hospital service rendered to the employee through the date on which the contested claim is heard before the Deputy Commissioner. . . .

sent by facsimile to Debbie Wisler and listed appellant's Tampa, Florida address. This was appellant's last known address.[2] When claimant's attorney received no response to his request from appellant, on October 20, 2013, he filed a claim for his Code § 65.2-714 attorney's fees with the commission. Claimant's attorney sent a copy of his claim to appellant's Tampa, Florida address. On October 24, 2013, the commission issued a notice of an on-the-record hearing permitting each party to file a statement of position and documentary evidence by November 13, 2013. Responsive position statements were to be filed by November 23, 2013. Copies of the notice were mailed to claimant, his attorney, claimant's employer, the insurance carrier and claims administrator, the claims administrator's attorney, and appellant at its Tampa, Florida address. On October 31, 2013, and November 4, 2013, respectively, the deputy commissioner sent letters to appellant and claimant's counsel suggesting alternate dispute resolution and inquiring if the parties would be open to mediation. Both letters were again sent to appellant's Tampa, Florida address.

Claimant's attorney filed his position statement and provided supporting documentation on November 13, 2013. On November 18, 2013, claimant's attorney faxed a copy of his position statement and supporting documentation, which included a copy of the original claim and other correspondence, to Christopher Gena, a project manager at the company to which appellant apparently outsourced management of its Florida business address. Again, appellant filed no response.

On November 26, 2013, the deputy commissioner issued an opinion granting claimant's attorney's requested fee of $20,054.36. A copy of the opinion was mailed to appellant.

---

[2] The letter listed appellant's address at 6001 Webb Road, Tampa, FL 33615. This was apparently the hospital facility's street address.

On January 16, 2014, appellant's attorney filed an objection to the assessment of the fee. Appellant asserted that the commission lacked jurisdiction to award the attorney's fee because appellant was located in Florida and, therefore, was not a healthcare provider as defined by Code § 65.2-714. The deputy commissioner responded that she no longer had jurisdiction, as her opinion was issued on November 26, 2013.

On February 7, 2014, appellant's attorney filed a motion to vacate and set aside the deputy commissioner's opinion. Counsel argued that appellant's right to due process of law had been violated and that the commission had no jurisdiction to award the fee. Counsel supplied an affidavit from Shaun Smith, Corporate Manager for Legal and Risk Services for appellant. Smith admitted that he received a copy of claimant's position statement after it was faxed to Christopher Gena on or about November 19, 2013; however, Smith stated that he did not recognize its significance at the time. Smith stated that appellant did not receive the claim, notice of the on-the-record hearing, or the deputy commissioner's opinion until after appellant retained counsel in Virginia.[3]

Claimant's attorney responded that the motion to vacate was untimely as filed more than thirty days after the deputy commissioner's opinion. Claimant's attorney also noted that none of the correspondence sent to appellant had been returned as undeliverable. Finally, claimant's attorney disputed the claim that the commission did not have jurisdiction to award the attorney's fee.

---

[3] The record does not reflect how appellant eventually became aware of the deputy commissioner's award or when it retained counsel in Virginia.

On February 20, 2014, the deputy commissioner referred the motion to vacate to the full commission for review.[4]  Both parties thereafter filed written statements.  By opinion dated October 3, 2014, the commission concluded that appellant's request for review of the deputy commissioner's opinion was untimely.  Therefore, the commission did not address any of appellant's claims with the exception of its jurisdictional challenge, where the commission concluded that appellant consented to jurisdiction under the Act by accepting payment in a workers' compensation case.  Accordingly, the commission upheld the award of attorney's fees. This appeal followed.

## II.  Analysis

Appellant contends that the commission erred in failing to vacate and set aside the deputy commissioner's award of attorney's fees.  Appellant argues that the award violated its right to due process because it was denied its right to notice and an opportunity to be heard.

### A.  Timeliness of appellant's request for review

As the full commission concluded, consideration of any complaint appellant may have had about proceedings before the deputy commissioner is time-barred.  Commission Rule 3.1 provides that "A request for review of a decision, order or award of the [c]ommission *shall be filed by a party in writing* with the Clerk of the [c]ommission *within thirty (30) days of the date of such decision*, order or award."  (Emphasis added).  Likewise, Code § 65.2-705(A) provides, "If an application for review is made to the [c]ommission *within 30 days after issuance of an award*, the full [c]ommission . . . shall review the evidence or . . . hear the parties at issue, their representatives, and witnesses."  (Emphasis added).  The deputy commissioner issued her

---

[4] Initially, appellant's motion to vacate was referred to the on-the-record hearing docket. However, in her February 20, 2014 letter, the deputy commissioner stated that the matter had been referred to the on-the-record docket erroneously, and referred the matter instead to the full commission.

opinion on November 26, 2013, and appellant did not file its objection until January 16, 2014. Therefore, appellant's request was untimely and, absent an allegation of fraud or mistake, the full commission had no jurisdiction to hear appellant's request for review or motion to set aside the deputy commissioner's award. See McCarthy Electric Co., Inc. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993) ("If the application for review is not made within the [thirty]-day limitation period, the commission has no jurisdiction to review the matter unless the petitioning party alleges fraud or mistake in the procurement of the award." (citing K&L Trucking Co. v. Thurber, 1 Va. App. 213, 218, 337 S.E.2d 299, 302 (1985))).

The commission found no evidence of "fraud, mistake or imposition sufficient to permit [the commission] to review the [deputy commissioner's] Opinion." The commission's determination is supported by the record. While appellant argued in its motion that it did not receive notice of the commission's notices of on-the-record hearings or entry of the deputy commissioner's award, appellant concedes that it did receive a copy of claimant's position statement on or about November 19, 2013, a full week before the deputy commissioner issued her opinion. Claimant's position statement set forth the history of claimant's medical procedure, the amounts and bills paid, quoted in its entirety Code § 65.2-714(B), and provided the date claimant filed his claim for attorney's fees, and the total fees sought. Further, attached to his position statement, claimant's attorney provided copies of his claim for fees, the agreed order and stipulations between claimant, employer, and insurer, a copy of bills sent by appellant to claimant, and claimant's counsel's September 5, 2013 letter to appellant requesting fees. To its credit, appellant simply states that it was unfamiliar with Virginia Workers' Compensation law and therefore, "did not recognize the significance of such document." This unfortunate and obviously regrettable oversight by appellant does not equate to the existence of fraud or mistake in the procurement of claimant's attorney's fee award.

Additionally, and tellingly, appellant never asserts that the Tampa, Florida address to which notices were sent was incorrect, only that it was not the address of its registered agent. Further, as noted by claimant, none of the documents sent to the appellant's Tampa, Florida address were returned undeliverable. Appellant's arguments regarding the lack of notice it received are "not the type[s] of 'mistake[s] in the procurement of the award' contemplated by Virginia's case law" and therefore, we hold that the commission did not err in determining that its review of the deputy commissioner's award was time-barred. See McCarthy, 17 Va. App. at 347, 437 S.E.2d at 248 (commission's failure to send a copy of the penalty award to employer when employer received notice of employee's request for penalty award insufficient to allege fraud or mistake allowing commission to consider an untimely appeal).

## B. Jurisdiction

We agree with the commission's determination that it had jurisdiction to award attorney's fees against appellant in this case and hold that a party consents to the commission's jurisdiction by accepting payment of a claimant's bills, pursuant to a workers' compensation award.[5] The workers' compensation process provides an optional alternative to traditional civil remedies. One way a provider can "opt in" and consent to the jurisdiction of the commission is by accepting payment pursuant to a workers' compensation award. Therefore, we hold that by

---

[5] See Fairfax Hospital Ass'n v. Sines, Record No. 1503-87-4 (Va. Ct. App. Mar. 14, 1989) ("Once a provider accepts payment from a carrier, however, it waives its right to pursue a civil action . . . and accepts the administrative process used at the [commission]." (discussing then-Code § 65.1-102. Current Code § 65.2-714, enacted in 1991 did not substantively change the attorney's fee provision at issue in Sines or the present case.)); see also Wilberger v. The ARA Group, Inc., No. 171-27-24 (Va. Workers' Comp. Comm'n Mar. 4, 1996) ("acceptance by a health care provider of payments made pursuant to the Workers' Compensation Act constitutes acceptance of the jurisdiction of the . . . [c]ommission and the Act" (citing Sines, Record No. 1503-87-4, and Mary Washington Hospital v. Tyler, Record No. 1846-91-4 (Va. Ct. App. Feb. 26, 1992))); Murphy v. Woodside Ass'n, Ltd. P'ship, No. 146-74-70, 1994 Va. Wrk. Comp. LEXIS 244, at *3 (Va. Workers' Comp. Comm'n Nov. 16, 1994) ("a healthcare provider, by accepting payment in a workers' compensation case, consented to jurisdiction under the Act" (citing Sines, Record No. 1503-87-4)).

accepting payment of claimant's medical bills from insurer in this case, appellant consented to the jurisdiction of the commission and Virginia Workers' Compensation law.[6] Consequently, the commission correctly found that the deputy commissioner had jurisdiction to assess an award of attorney's fees against appellant.

Affirmed.

---

[6] We are not persuaded by appellant's contention that Code § 65.2-714(B) does not apply to out-of-state healthcare providers. As the commission noted, various sections within the Act dealing with compensation for healthcare providers outside of the Commonwealth based on prevailing community rates "demonstrate the legislature's intent to grant the [c]ommission jurisdiction over medical providers who are paid pursuant to the Act but located outside Virginia." See, e.g., Code § 65.2-605 (limiting pecuniary liability of an employer for medical services ordered by the commission to "such charges as prevail in the same community for similar treatment when such treatment is paid for by the injured person"); Va. Work. Comp. Comm'n 14 (2015) (defining "community" for purposes of Code § 65.2-605 and allowing the commission to determine the correct community standard "[w]henever an employee receives treatment outside of the Commonwealth"); and Code § 65.2-605.1(G) (defining the community to be used to determine the "prevailing community rate" for charges of healthcare providers located outside of Virginia who provide healthcare services under the Act).