COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia


FELICIA N. SPELLER

                                                            MEMORANDUM OPINION* BY
v.        Record No. 0606-23-4                   JUDGE VERNIDA R. CHANEY
                                                                   JUNE 25, 2024

SENTARA NORFOLK GENERAL HOSPITAL, ET AL.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            George L. Garrow, Jr. (The Garrow Law Firm PLLC, on briefs), for
            appellant.

            Douglas Penner (Erica C. Piotrowski; Audrey T. Odonkor;
            Crenshaw, Ware, & Martin, P.L.C., on brief), for appellee Sentara
            Norfolk General Hospital.

            Dorinda P. Burton (Todd Gerber; Poole Brooke Plumlee, P.C., on
            brief), for appellees EVMS Academic Physicians and Surgeons
            Health Services Foundation, d/b/a EVMS Medical Group, and
            Eliza M. Berkley, M.D.


       The Virginia Workers' Compensation Commission found that Felicia Speller had not timely

requested review of the deputy commissioner's August 17, 2022 compensation award for a

birth-related neurological injury.  Therefore, the Commission concluded it lacked jurisdiction and

denied Speller's request for review.  Speller challenges the Commission's finding that she filed an

untimely request for review, the statutory basis cited by the Commission for its decision, and the

Commission's determination that it lacked jurisdiction.  Finding no error, this Court affirms the

Commission's decision.

---

       * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

Felicia Speller's infant son, Prince, died 23 minutes after birth. Speller filed a complaint for wrongful death in the Circuit Court of the City of Norfolk. The circuit court referred the case to the Commission under Code § 8.01-273.1(A) to determine whether the Virginia Birth-Related Neurological Injury Compensation Act applied to Prince's injury. *See* Code §§ 38.2-5000 to -5021. The Commission conducted bifurcated proceedings under the Act. The first phase addressed Prince's eligibility for entry into the compensation program (Program) that the Act established. *See* Code § 38.2-5002. On April 16, 2021, the deputy commissioner found that Prince suffered a birth-related neurological injury as defined in the Act, under the statutory presumption afforded by Code § 38.2-5008(A)(1)(a). Speller and the Program requested interlocutory review by the Commission.

On March 29, 2022, the Commission reversed the deputy commissioner's exclusion of certain evidence but affirmed the determination that under the statutory presumption, Prince's injury qualified him for participation in the Program. The Commission emphasized the interlocutory nature of its review and that the parties could not appeal to this Court "until the Commission issues a final decision in this case." The Commission then remanded the case to the deputy commissioner for the second phase.

In the second phase, the deputy commissioner considered the compensation and reimbursement to which Prince's injury entitled him. In addition to other compensation, Speller sought compensation for "grief therapy sessions" during the next two years. Speller asserted that she "preserve[d] [her] right to appeal" the Commission's March 29, 2022 review opinion and sought compensation "in the event that [her] appeal of the eligibility determination ultimately is unsuccessful."

In an August 17, 2022 opinion, the deputy commissioner awarded Speller attorney fees and costs under Code § 38.2-5009(A), the maximum compensation permitted by Code § 38.2-5009.1, and denied compensation for future grief therapy. The opinion stated that any party could appeal by requesting review by the Commission within 20 days.

Neither Speller nor the Program requested that the Commission review the deputy commissioner's decision. Instead, they each filed a notice of appeal challenging the deputy commissioner's August 17, 2022 opinion. This Court consolidated the appeals and issued a rule to show cause, ordering the parties to address on brief whether the Court had jurisdiction given that they appealed a deputy commissioner's decision rather than a final order of the Commission.[1] *See The Va. Birth-Related Neurological Inj. Comp. Prog., et al. v. Sentara Norfolk Gen. Hosp., et al.*, No. 1390-22-2, and *Felicia N. Speller, et al. v. Sentara Norfolk Gen. Hosp., et al.*, No. 1391-22-2 (Va. Ct. App. Dec. 2, 2022) (order).

On March 1, 2023, while those appeals were pending, Speller moved the Commission to "enter a [f]inal [o]rder" so she could appeal to this Court. Speller asserted that she sought review only of the March 29, 2022 interlocutory review opinion. She maintained that although the deputy commissioner's August 17, 2022 opinion was "the decision *from which*" she appealed, the Commission's March 29, 2022 interlocutory review opinion was the decision "*concerning which*" she appealed.

The Commission treated Speller's motion as a request for review of the deputy commissioner's August 17, 2022 opinion. The Commission found that under Code § 38.2-5010, the request for review was due by September 6, 2022, but Speller had not requested review by that

---

[1] By order of June 13, 2023, the Court dismissed the appeals because they were not appeals of "a final decision by the Commission," which Code § 38.2-5011(A) establishes as a prerequisite to an appeal to this Court. *See The Va. Birth-Related Neurological Inj. Comp. Prog., et al. v. Sentara Norfolk Gen. Hosp., et al.*, No. 1390-22-2, and *Felicia N. Speller, et al. v. Sentara Norfolk Gen. Hosp., et al.*, No. 1391-22-2 (Va. Ct. App. June 13, 2023) (order).

deadline. Because Speller's request was untimely, the Commission no longer had jurisdiction over Speller's case. Accordingly, the Commission denied Speller's request for review in a March 10, 2023 review opinion. Speller appeals.

ANALYSIS

On appeal, Speller challenges the Commission's determination that it lacked jurisdiction because her request for review was untimely. Speller also argues that the Commission erred by determining that Code § 38.2-5010 requires a request for review within 20 days of an award under Code § 65.2-5009 because the latter statute does not exist. She contends, therefore, that its decision is void.

"Whether the record establishes subject matter jurisdiction in a particular case is a question of law reviewed de novo on appeal." *Ruderman v. Pritchard*, 76 Va. App. 295, 302 (2022). "The appellate court is 'not limited to the arguments raised by the parties.'" *Id.* (quoting *Parrish v. Fed. Nat'l Mortg. Assoc.*, 292 Va. 44, 49 (2016)). "To the extent the Court's analysis involves statutory interpretation, questions of statutory construction are also reviewed under a de novo standard." *Id.*

In proceedings under the Act, the Commission must make a "determination" whether a child suffered "a birth-related neurological injury," whether certain rebuttable presumptions apply, whether a "participating physician" provided "obstetrical services" at the birth, and whether the birth occurred in a "participating hospital." Code § 38.2-5008(A)(1) to -5008(A)(3). Once the Commission determines that a child suffered a covered birth-related neurological injury, the Act provides for an "award" of compensation for specified items. Code § 38.2-5009(A). When a child who suffered a birth-related neurological injury dies within 180 days, the Commission may provide an additional award of up to $100,000, "in addition to and not in lieu of any other award." Code § 38.2-5009.1(A).

- 4 -

A party to a proceeding under the Act may request that the full Commission review a deputy commissioner's "determination" or "award." Code § 38.2-5010. A party must file a request for review within 20 days of the challenged determination or award. *Id.* If a party does not timely request review, the Commission "has no jurisdiction to review the matter unless the petitioning party alleges fraud or mistake in the procurement of the award." *Town & Country Hosp., LP v. Davis*, 64 Va. App. 658, 664 (2015) (quoting *McCarthy Elec. Co. v. Foster*, 17 Va. App. 344, 345 (1993) (construing almost-identical provision in the Virginia Workers' Compensation Act)).

The deputy commissioner's August 17, 2022 opinion made an "award" of compensation under Code § 38.2-5009. Speller was, therefore, required to seek review of that award within 20 days of the August 17, 2022 opinion but failed to do so. Code § 38.2-5010. Speller's late request for review, couched as a request to enter a final order, did not allege fraud or mistake in the procurement of the award and could not circumvent the 20-day deadline for seeking review by the Commission. Once a tribunal determines that it lacks jurisdiction, "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Ruderman*, 76 Va. App. at 302 (alteration in original) (quoting *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018)). The Commission correctly determined that it lacked jurisdiction to consider Speller's motion.[2] *McCarthy Elec. Co.*, 17 Va. App. at 345.

---

[2] Our conclusion that the Commission properly determined its lack of jurisdiction is dispositive of this appeal. Thus, this Court does not address Speller's other arguments. "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)).

CONCLUSION

Speller did not timely request that the Commission review the deputy commissioner's August 17, 2022 award of compensation under the Act. Therefore, the Commission lacked jurisdiction and we affirm its decision finding that Speller's motion was untimely.

*Affirmed.*